### FERDINAND v. MAYOR, ETC., OF NEW YORK.

(*Supreme Court, General Term, First Department.* February 11, 1891.)

CONTRACTS TO GRADE STREETS—CONSTRUCTION—RELETTING.

    A contract made in 1865 with a city to regulate and grade a certain street authorized the city to declare the work abandoned if not satisfactory, and relet the contract, the contractor to pay any excess should the work be let at a greater expense, and to be paid the difference if the expense were less. In 1871 the city declared the work abandoned. Nothing was done until 1877, when a contract was made with another contractor for "regulating, grading, and setting curb and gutter stones, and

flagging sidewalks" in the same street, at a price considerably less than that of the first contract.  *Held*, that these facts did not show such a reletting or continuance of the first contract as to give the first contractor a cause of action.

Exceptions ordered to be heard at general term.

Action by John E. Ferdinand against the mayor, aldermen, and commonalty of the city of New York.  At the trial the complaint was dismissed, and plaintiff's exceptions were ordered to be heard in the first instance at general term.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John C. Shaw*, (*Gratz Nathan*, of counsel,) for plaintiff.    *William H. Clark*, (*David J. Dean* and *Woolsey Carmalt*, of counsel,) for defendants.

BRADY, J.    On the 1st of September, 1865, the defendants contracted with one John S. Masterson to regulate and grade Sixty-Sixth street from Eighth avenue to Broadway.  In or about 1871 that contract was declared to be abandoned.  It contained a provision which authorized the street commissioner to declare the work abandoned if, in his opinion, the contract was not being properly carried out, and to relet the work at the expense of the contractor, the contractor to pay any excess of cost should the work be relet at a greater expense, and to be paid the difference should the work be relet at a less cost.  In 1877 the defendants made a contract with one John Mulholland for regulating, grading, and setting curb and gutter stones and flagging sidewalks in Sixty-Sixth street, from Eighth avenue to the Boulevard, but this was done, as alleged in the answer of the defendants, pursuant to an ordinance of the common council.  It will have been observed that Masterson's contract was made in September, 1865, and it appeared upon the trial that he did no work subsequently to the year 1867, leaving his work unfinished.  For the purpose of this opinion, it may be assumed that, under the authorities cited, (*Brady* v. *Mayor, etc.*, 44 Hun, 511; *Murphy* v. *Buckman*, 66 N. Y. 297; *Taylor* v. *Mayor, etc.*, 83 N. Y. 625,) the appellant, assignee of the original contractor, Masterson, would be entitled to recover the difference between the sum which was to be paid him if his contract had been performed and the expense of completing it if less than the original contract price, if the defendants had elected to complete the contract as provided by its terms.  This assumption may be indulged in for the reason that there is no proof in the record that the contract subsequently made with Mulholland was the exercise of the power of the completion suggested.  The allegation is that the contract of Mulholland was the result of an ordinance of the common council, approved the 2d of July, 1877, which was about 12 years after the contract made with Masterson, and which ordinance embraces more than was contemplated by the latter agreement, namely, setting curb and gutter stones and flagging sidewalks on Sixty-Sixth street.  When the counsel for the defendant moved to dismiss the complaint herein, his statement was that the plaintiff had not proved anything except that there was a contract made, and two or three assignments of it, and that Mr. Masterson had done some work at some time.  A colloquy followed before the complaint was dismissed, but nothing more affected the proposition stated by the learned counsel for the defendant.  Careful examination of the case fails to disclose any evidence of reletting of the first contract, or an election to proceed under it and complete it.  The letter which was offered September 4, 1875, in no way affects this question, and it would be secondary evidence under any circumstances if Mr. Masterson was alive.  He could be called upon to show that, notwithstanding the assignments of the contract, he had been so connected with it subsequently as to make it reasonably certain that which he did was done under the contract, and not under that subsequently made with Mr. Mulholland pursuant to ordinance of the common council, to which reference has been made.  For these reasons the exceptions should be overruled, and the defendant have judgment upon the verdict, with costs.    All concur.