[No. 5152.]

## ANNA LAKE v. ALBERT LAKE ET AL.

SEPARATE ESTATE OF MARRIED PERSON.—If a single man is in possession of a tract of land, claiming to own it under a purchase made from grantees of Mexico, and while so in possession marries, and the grant is afterward rejected, and he is then permitted by act of Congress to purchase it, and does purchase it from the United States, the land is his separate estate, and not community property.

APPEAL from the District Court, Third Judicial District, County of Alameda.

Pico and Alvarado claimed the land of the " ex-Mission of San Jose," in Alameda County, under an alleged grant from the Government of Mexico, and applied to the Board of Commissioners appointed by the United States for the settlement of private land claims in California, to have it confirmed. The Commissioners confirmed the grant, but an appeal was taken to the District Court of the United States, and in 1859 the grant was by that tribunal rejected. An appeal was taken from the District Court to the Supreme Court of the United States, which was dismissed at the December Term, 1866. One Leo Pepper

was in possession of about eighteen acres of said "ex-Mission," in 1853, and remained so in possession until 1860, when he sold and conveyed the same to Sidney S. Lake, who succeeded to his possession, and in December following obtained a deed therefor from said Pico and Alvarado. Lake was a widower at that time, but had a family of children by his deceased wife. On the 14th day of February, 1865, Lake was married to the plaintiff here. On the 3rd day of March, 1865, Congress passed an act permitting the persons severally in possession of parcels of said ex-Mission, to buy the same from the United States, by paying one dollar and twenty-five cents an acre. On the 5th day of December, 1867, Lake, under said act, acquired the title of the United States by a patent. His children by the former wife are defendants here. On the 14th day of March, 1872, he filed a declaration of homestead on the land. On the 15th day of the same month, he executed a conveyance of the land to his wife and children, giving her a life estate in the same, and the children the reversion, which deed was recorded. On the 8th day of April, 1872, said Lake died, intestate. On the 25th day of February, 1875, the widow commenced this action for a partition of the land, and claimed that she owned an undivided one-half of it, and the four children each an undivided one-eighth. She claimed also that the conveyance made to her and the children was void, because the land was a homestead. The Court granted the partition as prayed for, and the defendants appealed.

*Frans. E. Spencer*, for the Appellants.

The property was the separate estate of Sydney S., purchased as it was with his own funds before his marriage, and the fact that he was compelled to procure an outstanding title after his marriage did not change the character of the estate into that of community property. In copartnerships, marital as well as business, the equitable titles, as contradistinguished from the legal, are solely recognized and enforced by Courts of Equity as between the copartners. (*Eslinger* v. *Eslinger*, 47 Cal. 62; *Smith* v. *Smith*, 12 Cal. 216; *Meyer* v. *Kinzen*, 12 Cal. 253.)

*Noble Hamilton* and *A. J. Le Breton,* for the Respondent.

The transfer from Popper to Lake did not convey the *title* to the land. *That* was vested in the United States until the issuance of the patent in 1867. Previous to that time, Lake could have been treated by the Government as a trespasser upon its domains, and summarily ejected. In fact, he had no right or interest in the property at all until the payment of the money specified in the Act of March 3rd, 1865. (*Hutton* v. *Frisbie,* 37 Cal. 474; *Sheehy* v. *True,* 45 Cal. 236.) Property purchased during marriage is presumed to be community property. (Statutes of 1850; *Houston* v. *Curl,* 8 Texas, 242; *Smith* v. *Smith,* 12 Cal. 224; *Ramsdell* v. *Fuller,* 28 Cal. 42.

By the COURT:

The property in controversy was the separate estate of Sydney S. Lake.

Judgment and order denying a new trial reversed, and case remanded, with directions to render judgment in accordance with this opinion.