[No. 14852.	Department Two. — July 23, 1892.]

## IN THE MATTER OF THE ESTATE OF PHILANDA J. LAMB, DECEASED.

HOMESTEAD — SEPARATE PROPERTY OF HUSBAND — ENTRY OF HOMESTEAD CLAIM — PATENT — RELATION TO EQUITABLE INTEREST. — A husband who, before his marriage, makes proper application to enter land as a homestead under the laws of the United States acquires an equitable interest in the land which is his separate property, although he has not, at the time of his marriage, fully completed the term for which he was to reside upon and cultivate it, so as to entitle him to receive a patent therefor from the United States, and the legal title afterwards acquired by the patent relates back to the equitable interest, and is also his separate property; and a homestead filed thereon by the wife alone is not a selection from community property, under section 1474 of the Code of Civil Procedure.

ID. — ABANDONMENT OF HOMESTEAD — UNRECORDED AGREEMENT FOR DIVISION. — A homestead selected by a wife upon the separate property of the husband is not abandoned by a subsequent agreement of the spouses for its division between them, which is not recorded by either of the parties.

ID. — DEEDS BETWEEN HUSBAND AND WIFE SUBJECT TO HOMESTEAD. — Where a wife has filed a homestead upon separate property of the husband, a

deed of the land, subsequently executed by the husband to the wife, operates to vest the legal title thereto in the wife as her separate property, but does not constitute an abandonment of the homestead; and a deed of part of the land by the wife to the husband, in pursuance of an agreement for their separation, and a division of the property, simply reinvests him with the title to the land so conveyed, and a deed to her by the husband of the remainder of such land operates merely as a confirmation or further assurance of title to the land which it purports to convey, all of the land still being subject to the homestead.

Id. — Wife's Selection of Homestead upon Separate Property of Husband — Effect of Deed from Husband — Title of Heirs. — Where a wife has filed a declaration of homestead upon the separate property of her husband, the subsequent acquisition by her of part of such property as her separate property does not have the effect to change the prior declaration into a selection by her of a homestead from her separate property; and upon the death of the wife, the property so conveyed to her is to be treated as if the homestead thereon had been selected without her consent, and as vesting in her heirs, subject to the power of the superior court to assign it for a limited period to the family of the deceased.

Id. — Probate Homestead — Object of Code Provision. — The object of section 1474 of the Code of Civil Procedure, concerning probate homesteads, is to preserve the family home for the use and benefit of the survivor or survivors of those occupying it as such, and the right of the surviving husband or wife to retain this home for such period as the court may direct does not depend upon the fact that there are children or others who may share in its use.

Id. — "Family" — Construction of Code. — Although the word "family," in its ordinary signification, refers to two or more persons, and as used in section 1474 of the Code of Civil Procedure, concerning probate homesteads, will include those living under the same roof as kindred or dependents, and under one head, thus constituting a family, as that term is generally used, yet the word, as used in that section, is not to be so restricted in its meaning as to exclude the only survivor of the family of which the deceased was a member, and a surviving husband of a deceased wife, who had no other family, and who selected a homestead, constitutes the "family of the decedent" within the meaning of that section.

Id. — Right to Probate Homestead — Discretion. — The right of a surviving husband to an order assigning to him, as "the family of the decedent," a probate homestead for a limited period, under the provisions of section 1474 of the Code of Civil Procedure, is not an absolute right, but rests in the sound discretion of the court, to be exercised in view of all the facts appearing before it.

Appeal — Bill of Exceptions — Amendment. — Where an appeal is taken from a decision made before the settlement of a bill of exceptions, the allowing of an amendment to the bill, by the insertion of specifications of the particulars in which it is claimed that the findings and decree of the court·are not sustained by the evidence, is proper, as the effect of the amendment is simply to enable the appellate court to review the decision of the trial court, in view of all the facts which the trial court had before it when it made such decision.

APPEAL from a decree of the Superior Court of San Diego County setting apart a homestead.

The facts are stated in the opinion of the court.

*E. W. Hendrick, Chapman & Hendrick,* and *O. A. Munn,* for Appellant.

The homestead was upon the separate property of the deceased; for although the property was community property when the declaration was filed, the deed made by Lamb to his wife in February, 1888, transformed the same into the separate property of the latter. (*Burkett* v. *Burkett,* 78 Cal. 311, 313; 12 Am. St. Rep. 58; Platt on Rights of Married Women, sec. 70; Thompson on Homesteads, sec. 473; *Baines* v. *Baker,* 60 Tex. 140; *Spoon* v. *Van Fasson,* 53 Iowa, 494; *Riehl* v. *Bingenheimer,* 28 Wis. 84.) The signature of the wife is not necessary. The deed from husband to wife did not disturb the homestead quality of the land, but conveyed the title to her, subject to the homestead. (See *Burkett* v. *Burkett,* 78 Cal. 313; 12 Am. St. Rep. 58.) The *prima facie* presumption from a deed from husband to wife is, " that it was intended to change the character of the property from community to the separate property of the wife." (*Taylor* v. *Opperman,* 79 Cal. 470, 471; *Burkett* v. *Burkett,* 78 Cal. 310; 12 Am. St. Rep. 58; *Swain* v. *Duane,* 48 Cal. 358; *Story* v. *Marshall,* 24 Tex. 305; 76 Am. Dec. 106; Platt on Rights of Married Women, sec. 34.) If a homestead be selected from the separate estate of either husband or wife, it vests, on the death of the person from whose property it was selected, in his or her heirs. (Civ. Code, sec. 1265; *Beck* v. *Soward,* 76 Cal. 531; *Mawson* v. *Mawson,* 50 Cal. 543; *Hutchinson* v. *McNally,* 85 Cal. 619.) A spouse who has voluntarily agreed to live separate and apart from the other, and has agreed, for a valuable consideration, to waive all other claims against the other, ceases to be a member of the immediate family of the deceased, and is not entitled to a family allowance. (*In re Noah,* 73 Cal. 583; 2 Am. St. Rep. 829; *In re Noah,* 88

Cal. 468; *Young* v. *Hicks,* 92 N. Y. 235; *Murray* v. *Cargill,* 32 Me. 517; *Estate of Byrne,* Myrick's Prob. Rep. 1.) The provision for a homestead is based upon the same principle as the provision for a family allowance, and hence will follow the above rule. (See, especially, cases discussed in *In re Noah,* 73 Cal. 583; 2 Am. St. Rep. 829.) But the homestead had been wholly abandoned. The parties had joined in executing articles of separation, which were signed by both parties in the presence of witnesses. Proof of the execution was made in the manner provided by law for the execution of deeds before witnesses. (Civ. Code, secs. 1195–1197.) A homestead can be abandoned by a declaration of abandonment, or a grant thereof executed and acknowledged by husband and wife. (Civ. Code, sec. 1243.)

*Lawrence Middlecoff,* and *Eugene Daney,* for Respondent.

Whether the property in controversy was community property or not is immaterial, as in either event it vested absolutely in the surviving husband upon the death of the wife. (Code Civ. Proc., sec. 1474.) If section 1265 of the Civil Code governed, the question as to whether the property was separate or community might be relevant; but there is an apparent conflict between section 1474 of the Code of Civil Procedure and section 1265 of the Civil Code, and as section 1265 went into effect ten days earlier than section 1474, the latter must prevail. (Endlich on the Interpretation of Statutes, secs. 182, 183, 222; *In the Matter of Yick Wo,* 68 Cal. 304; 58 Am. Rep. 12, and cases cited.) The homestead on the property has never been abandoned, for the reason that it can only be abandoned in the manner provided by the statute, which, as far as applicable to this case, would be by a declaration of abandonment, or a grant of the property executed and acknowledged by George W. Lamb and Philanda J. Lamb, jointly. (Civ. Code, secs. 1242, 1243; *Barber* v. *Babel,* 36 Cal. 14; *Flege* v. *Garvey,* 47 Cal. 375; *Gagliardo* v. *Dumont,* 54 Cal. 499; *Porter* v. *Chapman,* 65

Cal. 365; *Tipton* v. *Martin*, 71 Cal. 325; *Burkett* v. *Burkett*, 78 Cal. 313; 12 Am. St. Rep. 58; *Gleason* v. *Spray*, 81 Cal. 220; 15 Am. St. Rep. 47.) The articles of separation were not intended to be an abandonment of the homestead, as the parties never intended that it should ever be recorded. A declaration of abandonment is only effectual from the time it is filed in the office where the homestead is to be recorded. (Civ. Code, sec. 1244.) If there were no other valid objection to the alleged deeds or articles of separation operating as an abandonment of the homestead, it would be sufficient to say that a conveyance from a husband to his wife of the property upon which there is a homestead does not operate as an abandonment thereof, but only vests in the wife the legal title to the property, and leaves the homestead intact. (*Burkett* v. *Burkett*, 78 Cal. 314; 12 Am. St. Rep. 58.) The death of one of the spouses does not affect the homestead in question, as the homestead is intended for the head of the family. The husband, at the death of his wife, remained the head of the family. (*Tyrrell* v. *Baldwin*, 78 Cal. 475, 476; *Sanders* v. *Russell*, 86 Cal. 120, and cases cited.) An order of the court is unnecessary to vest the property in the surviving spouse in a case of this kind, as the statute itself vests the same in the survivor by descent. (*Herrold* v. *Reen*, 58 Cal. 445–447, and cases cited; *Baker* v. *Brickell*, 87 Cal. 339; Code Civ. Proc., sec. 1474.)

DE HAVEN, J. — This is an appeal from an order setting apart to George W. Lamb, the surviving husband of deceased, upon his petition therefor, a homestead upon 160 acres of land described therein. The appeal is taken by the father of deceased. The facts, as disclosed by the record, are these: The petitioner and deceased were married September 15, 1884. Prior to this time the petitioner had filed in the proper United States land-office his application to enter the land in controversy as a homestead, under the laws of the United States, and had resided thereon for four years, and one year after such

marriage he made his final proof, entitling him to a patent therefor, which was issued to him on July 9, 1889. On November 17, 1887, the deceased filed in the office of the proper recorder a declaration of homestead upon the whole of said land under the laws of this state, and on February 23, 1888, the petitioner made to her a deed of this and other land. Thereafter differences arose between them, and in November, 1889, the deceased commenced an action against petitioner for a divorce and for a division of the property, and upon the twenty-second day of that month they made an agreement in writing, for the purpose, as stated therein, of "terminating all further controversies between them." The agreement, among other things, provided that they should live separate and apart from each other, and contained also this provision: "The said George W. Lamb, in consideration of the adjustments herein referred to, and other releases of the said Philanda, his wife, does hereby convey and release all claim to the following described property, to wit"; followed by a description of fifty acres of the land in controversy; and the said deceased agreed to release all other property to said Lamb "now owned by him." In pursuance of this agreement, the petitioner gave the deceased a deed of the 50 acres described in the agreement, and she gave to him a deed of the remaining 110 acres. The agreement referred to was not recorded in the lifetime of deceased, nor was either of the deeds which were given in pursuance thereof. In this connection, the petitioner testified that after the execution of this agreement, and until her death, he and his wife continued to live together upon the land in controversy, and in a house situate upon the fifty acres which he deeded to her.

The petitioner further testified, in reference to the agreement for a separation and division of the property, that it was subsequently understood between them that it was to be of no effect; "we did not count that instrument worth anything; we never calculated to have it recorded."

The superior court, in its decree, set apart to the petitioner as his property, and free from further administration, all of the land described in the declaration of homestead filed by the deceased.

1. The claim of respondent is, that the decree of the court is justified by section 1474 of the Code of Civil Procedure. That section, so far as material to the question under consideration, is as follows: "If the homestead selected by the husband and wife, or either of them, during their coverture, and recorded while both were living, was selected from the community property, or from the separate property of the person selecting or joining in the selection of the same, it vests on the death of the husband or wife absolutely in the survivor. If the homestead was selected from the separate property of either the husband or the wife, without his or her consent, it vests, on the death of the person from whose property it was selected, in his or her heirs, subject to the power of the superior court to assign it for a limited period to the family of the decedent."

It will be observed that in order to bring a homestead within the provisions of this section, so that upon the death of one of the spouses it "vests absolutely in the survivor," it must be made to appear that it was selected from the community property in the first instance, "or from the separate property of the person selecting or joining in the selection of the same," and we are of opinion that upon the facts as above stated the homestead in this case did not vest absolutely in the petitioner upon the death of his wife.

The land in controversy was not community property at the date when the deceased made and recorded her declaration claiming the same as a homestead, but it was the separate property of the petitioner. The petitioner had, before his marriage, made application to enter the land as a homestead under the laws of the United States; and although he had not, at the time of such marriage, fully completed the term for which he was to reside upon and cultivate it, so as to entitle him to receive

a patent therefor from the United States, still he had fully performed all of the conditions required of him by such laws up to that date, and by his prior acts of entry, residence, and cultivation, he had acquired an equitable interest in the land, which, of course, was his separate property, and to which the legal title afterwards conveyed by the patent related; and that which was before separate property, to which he had but an equitable title, was, after the issuance of such patent, still his separate property, and held by him under the legal title conveyed by such patent.

This was in effect so held by this court in the case of Harris v. Harris, 71 Cal. 314. In that case, it appears that the defendant, while a widow and in the occupation of certain land, filed in the United States land-office a declaratory statement of her intention to pre-empt the same. She afterwards married the plaintiff in that action, and thereafter they both jointly occupied and farmed the premises until she made final proof of her pre-emption claim in the new name. she had acquired by the marriage, and was allowed to make a final entry of the same. The court held that the property was the separate property of the wife, no matter whether the same was paid for with community funds or with money borrowed upon her own credit, and on this point the court, in its opinion by McKinstry, J., said: " In this action for divorce, the plaintiff claims a moiety of the land patented to the defendant, on the ground that the money paid for the government title belonged to the community.' 1. Even if it appeared that the money was paid out of community funds, the land would be the separate property of the wife. With full knowledge and consent of the plaintiff, the land was proved up and paid for in her name, and the proof of her occupation and ' declaration ' or affidavit was as necessary a prerequisite to the acquisition of the government title as was the payment of the price. The patent is a record which proves the facts which preceded its issue, on proof of which the proper officers of the United States were authorized

to issue it.   For certain purposes, the possession of either spouse is the possession of both.   But here the pre-emption, declaration, and exclusive occupation of the defendant preceded her marriage with the plaintiff, and constitute part of the acts which culminated in the certificate of purchase and patent.   The plaintiff ought not to be permitted to ignore her declaration and possession (without proof of which she could not have received the benefits of pre-emption), and treat the acquisition of the government title simply as an ordinary purchase, made after marriage, with community funds."

What was there said with reference to the effect of the prior settlement and declaration of the pre-emption claimant, as the basis of his right to obtain the subsequent title, applies with equal force to this case; and with much greater reason can it be said that the subsequent acquisition of the legal title was not one of purchase, made with community funds, as the title thus received was more in the nature of a gift from the government, because of the performance by petitioner of the conditions prescribed by the homestead laws in relation to residence upon and cultivation of the land.   The fact that during a small portion of the time he was thus required to reside upon it the deceased was also living there with him as his wife would not deprive him of the equitable right which he had acquired to such land before marriage by reason of his previous entry and settlement, and convert it into community property.   The cases of *Lake* v. *Lake*, 52 Cal. 428, and *Barbet* v. *Langlois*, 5 La. Ann. 212, also sustain this conclusion.

2. The homestead selected by the deceased under the laws of this state was not abandoned by the subsequent agreement between petitioner and deceased for its division between them.   This agreement was not recorded by either of the parties, and if it should be conceded that it was otherwise sufficient as a declaration of abandonment, the failure to record it rendered it ineffectual for that purpose.   (Civ. Code, sec. 1244.)   The deed of

the premises executed by petitioner to deceased February 23, 1888, operated to vest the legal title thereto in the wife as her separate property, but did not constitute an abandonment of the homestead. (*Burkett* v. *Burkett*, 78 Cal. 310; 12 Am. St. Rep. 58.) We do not understand that there is any claim here that this deed was not executed, — that is, signed and delivered by petitioner; and this being so, its effect was to change the ownership of the land which it purported to convey from separate property of the petitioner to separate property of his wife, subject to the homestead thereon, which then became a homestead upon the separate property of the wife. The subsequent deed made by the deceased to the petitioner, in pursuance of the agreement for a separation and division of the property, reinvested him with the title to the 110 acres described therein, while his deed made to her at the same time was in effect a confirmation or further assurance of title to the 50 acres which it purported to convey; so that, as a result of the execution of all the deeds mentioned, 110 acres of the land in controversy remained the separate property of the petitioner, and the other 50 acres became the separate property of his wife, and all subject to the homestead which had been placed thereon, and never abandoned.

This being so, it only remains to consider the nature of this homestead, so far as it affects the fifty acres of which the deceased was the owner. Can it be said, in view of the facts as we have stated them, that this homestead was selected by her from her separate property, within the meaning of section 1474 of the Code of Civil Procedure? It is clear to us that this question must be answered in the negative. It is true, the declaration of homestead was made and recorded by her, but this was at a time when all of the land in controversy was the separate property of her husband, the petitioner, and the subsequent acquisition by her of the title to fifty acres thereof as her separate property did not have the effect to change the prior declaration into a selection by her of a homestead from her separate property. When the statute speaks of the

selection of a homestead "from the separate property of the person selecting or joining in the selection of the same," it has reference to the status of the property as separate property at the time when the selection is made; for only in such case can there be properly imputed to the person making the selection an intention to dedicate his or her property for homestead purposes, and thus to vest in the other spouse an estate therein, which, upon the contingency of survivorship, will ripen into an absolute title to the land so dedicated. It would be subversive of the object and purpose of this law to hold that the wife's subsequent acquisition of title to property, from which she selected a homestead when it belonged to her husband, could be made to relate back and give to her former act in selecting such homestead an intention and purpose which did not in fact then accompany it.

It follows from these views, that the court erred in setting apart to petitioner absolutely, and as his property, the fifty acres which he conveyed to his wife in her lifetime. Such property is to be treated as if the homestead thereon had been selected without her consent, and as vesting in her heirs, "subject to the power of the superior court to assign it, for a limited period, to the family of the deceased." (Code Civ. Proc., sec. 1474.)

The deceased left no children, and it is not shown that the father made his home with her, and that his circumstances were such that she was, at the time of her death, under any moral or legal duty to support him. This being so, the petitioner himself may be regarded as constituting the family of deceased, within the meaning of section 1474 of the Code of Civil Procedure. It is true that the word "family," in its ordinary signification, refers to two or more persons, and as used in the section just referred to, will include those living under the same roof as kindred or dependents, and under one head, thus constituting a family, as that term is generally understood; but this word, as used in the statute concerning probate homesteads, is not to be so restricted in its meaning as

to exclude the only survivor of the family of which the deceased was a member. The object of the statute is to preserve the family home for the use and benefit of the survivor or survivors of those occupying it as such, and the right of the surviving husband or wife to retain this home for such period as the court may direct does not depend upon the fact that there are children or others who may share in its use.

Upon the evidence, the petitioner was entitled to a decree setting apart to him as his own property the 110 acres referred to, and it was within the discretion of the court to assign to him, for such limited period as it might deem proper, the 50 acres of which deceased was the owner. The right to the order assigning to him for a limited period this fifty acres is not absolute, but rests in the sound discretion of the court, to be exercised in view of all the facts appearing before it.

4. In the bill of exceptions, as originally settled, there was no specification of the particulars in which it was claimed that the findings and decree of the court are not sustained by the evidence. After the appeal herein was taken, the judge of the superior court allowed the bill of exceptions to be amended by inserting such specifications. This action of the judge was proper in this case, as the appeal here is from a decision which was made before the bill of exceptions was settled, and the effect of the amendment is simply to enable this court to review the decision of the lower court, in view of all the facts which that court had before it when it made such decision. (Hayne on New Trial and Appeal, sec. 160; *Valentine* v. *Stewart*, 15 Cal. 396; *Loucks* v. *Edmondson*, 18 Cal. 204.)

The order appealed from is reversed.

McFARLAND, J., and SHARPSTEIN, J., concurred.