[Sac. No. 871.   Department Two.—February 19, 1901.]

JOSHUA BAKER, Respondent, v. F. M. BORELLO et al., Appellants.

APPEAL—INSTRUCTION REQUESTED BY APPELLANTS — MODIFICATION BY JUDGE.—The right of the appellants to object to an instruction requested by them, and which was modified by the court, depends upon whether the changes made imported into it some new and distinct error prejudicial to the appellant.

ID.—REVIEW OF NEW TRIAL ORDER—MOTION TO CORRECT BILL OF EXCEPTIONS—JURISDICTION PENDING APPEAL.—A bill of exceptions prepared and settled beforehand as the basis of a motion for new trial, and upon which the motion was heard and denied, and which constitutes the record upon which an appeal therefrom was taken, cannot be corrected by the superior court pending the appeal to this court upon motion of the respondent; nor will the record be amended by this court, which must review the order upon the same record upon which it was made.

MOTION to correct the record upon appeal from an order of the Superior Court of Merced County denying a new trial. B. R. Rector, Judge.

The facts are stated in the opinion of the court.

J. W. Knox, P. F. Dunne, and W. D. Crichton, for Appellants.

James F. Peck, J. F. McSwain, F. G. Ostrander, and F. W. Henderson, for Respondent.

BEATTY, C. J.—The defendants in this case appeal from an order denying a new trial. The respondent makes a preliminary motion to correct the record of the proceedings in the superior court. The facts are that the defendants, in support of their application for a new trial, served a draft of their proposed bill of exceptions, which showed that the trial judge, of his own motion, had given a certain instruction, numbered 18, to the giving of which they had duly excepted. The proposed bill also contained a special assignment of error upon the giving of instruction numbered 18. In this particular the bill of exceptions was settled and allowed by the trial judge, Hon. J. K.

Law, in substance as proposed by defendants, and was filed April 27, 1900. The motion for a new trial was submitted to Judge Minor on June 28th and denied on July 2d. Defendants appealed July 14th, filed the transcript in this court August 22d, and on October 11th filed and served their brief in which they presented their assignment of error upon the giving of said instruction. The attention of the respondent seems then to have been drawn for the first time to this feature of the bill of exceptions, and soon afterward, and within six months from the settlement of the bill, he commenced proceedings to amend the record so as to make it appear that the instruction of which the appellants are complaining was really given at their request, and not volunteered by the court. After considerable delay, occasioned by a change of incumbents in the office of superior judge, an order was made by Judge Rector on January 15, 1901, correcting the bill substantially in accordance with the motion of the respondent; that is to say, it appears from the order of Judge Rector that the defendants presented the instruction to Judge Law, the trial judge, with a request that it be given, but it was not given in precisely the form in which it was requested. Before giving it Judge Law struck out one or two words and altered one sentence slightly, but without changing its meaning or effect. The only tendency of the alterations made by him was to make the instruction somewhat less open to the objection now urged against it than it was as originally requested by the defendants. Because of this modification of the instruction by the court before giving it the appellants contend, in opposition to this motion, that the statement contained in the bill of exceptions as proposed was true, that the instruction given was not the instruction they asked, but an instruction volunteered by the court, and upon this point they cite *Morgan v. Peet*, 32 Ill. 281, where it was decided that the party asking an instruction may except to the giving of such instruction with an addition which is prejudicial to him, and is not law. I should not doubt the correctness of that decision, but it does not fit this case. This bill of exceptions, as corrected, shows that defendants asked a certain instruction, and that the court gave it in a slightly modified form. Their right to object to it, therefore, depends upon whether

the changes made by the trial judge imported into it some new and distinct error prejudicial to them, as in the Illinois case. We cannot see that any such change was wrought in the instruction, but if there was, they have their exception to the modification, and that matter could be considered when the appeal is heard upon its merits. In the meantime, the action of the trial court in modifying, before giving, the instruction would be no obstacle to making the record speak the exact truth.

We are brought, then, to the question whether it was competent for the superior court to correct this bill of exceptions after the entry of the order denying a new trial, and an appeal to this court, and the filing of the record here.

This bill of exceptions being the basis of the motion for a new trial, and the record upon which the order overruling that motion rests, can it be changed without first setting aside that order? And can that order be set aside by the superior court after it has been appealed to this court? We have no doubt that a bill of exceptions, or statement which has been settled after appeal taken, may be corrected by a proper proceeding under section 473 of the Code of Civil Procedure, commenced, as this was, within six months after the settlement, for in such cases the superior court is empowered to settle the bill or statement—i. e., to complete the record—after and for the purposes of the appeal. (*Flynn v. Cottle,* 47 Cal. 526; *Sprigg v. Barber,* 118 Cal. 592; *In re Lamb,* 95 Cal. 408.) But a bill of exceptions, prepared and settled beforehand to be used in support of a motion for a new trial, after the denial of the motion and an appeal therefrom, presents a different question. We are of the opinion that in such case the record cannot be amended, and this for reasons which, though technical, are nevertheless conclusive. The appeal deprives the superior court of jurisdiction to set aside its order denying the new trial, and while that order is in force the record upon which it is based cannot be changed, and this court must review the order upon the same record upon which it was made. (Hayne on New Trial and Appeal, sec. 160, and cases cited.) It has been held, and we have no doubt correctly held, that where a new trial has been granted by an order improvidently or prematurely made before the record was properly settled and

certified, this court, upon reversal of the order, may remand the cause for further and orderly proceedings upon the motion (*Morris v. De Celis,* 41 Cal. 331; *Thomas v. Sullivan,* 11 Nev. 280), but this rule of practice does not meet the exigencies of this case. What was said obiter in *Grand Grove etc. v. Garibaldi Grove etc.,* 130 Cal. 116,[1] cannot be applied as a universal rule, but only to those cases in which the power of amendment has not been lost.

The motion to amend is denied.

McFarland, J., and Henshaw, J., concurred.