[S. F. No. 3196. In Bank.—July 23, 1903.]

## FOUNTAIN WATER COMPANY, and J. M. McDONALD, Petitioners, v. SUPERIOR COURT OF SONOMA COUNTY, Respondent.

NEW TRIAL—STATEMENT—SETTING ASIDE SETTLEMENT—JURISDICTION—WRIT OF REVIEW.—After the expiration of six months from the date of an order settling a statement on motion for a new trial, the court has no jurisdiction to set aside and cancel the settlement of the statement, and to amend and resettle the same; and there being no appeal from an order of the court to that effect, it will be annulled upon writ of review.

WRIT OF REVIEW to annul an order of the Superior Court of Sonoma County setting aside the settlement of a statement on motion for new trial, and amending and resettling the same. S. K. Dougherty, Judge.

The facts are stated in the opinion of the court.

John M. Burnett, and James M. Oates, for Petitioners.

Emmet Seawell, and M. T. Vaughan, for Respondent.

LORIGAN, J.—This is an application for a writ of review. The record shows that in the case of the City of Santa Rosa, plaintiff, v. Fountain Water Company, a corporation, and J. M. McDonald, defendants, pending in the above court, a judgment in favor of the plaintiff was entered on the 25th of April, 1901. Thereafter, defendants served and filed a notice of intention to move for a new trial, and, on the twenty-ninth day of October following, the judge of said court, upon agreement of the attorneys on both sides that said statement was correct, duly settled and certified the same, and on the same day it was filed in the office of the county clerk of said county.

The motion for a new trial upon said statement was thereafter argued and submitted to the court and taken under advisement. On the third day of February, 1902, the attorneys for the plaintiff moved the court for an order vacating and setting aside the settlement of said statement, and to correct alleged errors therein, which motion, on the 10th of March, 1902, was denied, but the court on said date set aside the order theretofore entered submitting the motion for a new trial.

Thereafter, and on the 10th of April, 1902, said motion for a new trial was resubmitted to the court and taken under advisement. On the 22d of April following, the plaintiff renewed its motion for an order vacating and setting aside the settlement of said statement, and to correct and amend it in the same particulars as specified in the similar motion of the 3d of February, 1902, which motion, on the 28th of April, 1902, the said court denied.

Afterwards, on the 12th of May, 1902, without any notice to either side, and in the absence of any application pending therefor, the court of its own motion made an order setting aside the submission of the motion for a new trial; also an order canceling and setting aside the certificate of settlement and allowance of said statement made on the 29th of October, 1901, and made a further order striking from the statement the proceedings relative to the depositions of several witnesses offered on the trial of the cause, and inserting in lieu thereof the transcript of the court reporter's notes of the proceedings with reference to such depositions, and, as so amended, certi-

fied to the same as the settled and allowed statement on motion for a new trial.

The petitioner now claims that the action of the lower court in canceling said certificate of October 29, 1901, and amending said statement, was in excess of its jurisdiction, and it is to review this action that this application is made.

We cannot see how, either upon authority or principle, the action of the lower court can be sustained. When the statement was settled and filed, it became a record of the court, and was only subject to the action of that tribunal within the time limited by law. It will be observed that the action of the court in attempting to amend the statement was not taken until long after the expiration of six months from its original certification. At common law the court had full and complete control over its judgments until the end of the term during which they were rendered. Until the expiration of that period the proceedings, although closed as a matter of fact, were still treated as being *in fieri,* and did not become final until the expiration of the term. Under the procedure in this state the power of the court to amend its record in matters of this character is derived from section 473 of the Code of Civil Procedure, allowing amendments to pleadings or proceedings on the ground of mistake, inadvertence, surprise, or excusable neglect, providing the application is made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding is taken.

Section 68 of the Practice Act was similar in all respects to the section of the code above referred to, excepting that the period within which application might be made to amend or correct was limited to five months after the expiration of the term. Construing that section, this court said in *Flynn* v. *Cottle,* 47 Cal. 527, concerning the power of the court to cancel its certificate to a statement on appeal: "Under section 68 of the Practice Act we think the court had the power to cancel the certificate on becoming satisfied that the statement as settled was erroneous, and that the certificate was made through inadvertence; provided the error was corrected, as in this case, either during the term or within five months thereafter." That rule has been followed ever since, and its latest expression is found in applying it to the construction to be put

upon section 473 of the Code of Civil Procedure in a matter similar to the one here under consideration.

In that case,—*Sprigg* v. *Barber*, 118 Cal. 592,—which was an application to compel the lower court to set aside the settlement of a statement, and to amend the same, this court said: "Some nine months after the date of the settlement of said statement, and after the filing of the transcript and briefs in said cause in this court, the appellant made application to the court below to grant him the relief which he now seeks to compel by the present motion, but that court refused to entertain the application and denied the motion upon the ground that it had no jurisdiction, owing to lapse of time, to grant the relief asked. Thereupon the present motion was made in this court.

"Whether in any case a plaintiff can, by mere motion, obtain the character of relief here sought, need not be determined, since obviously it cannot be had in this instance. The presentation and settlement of a bill of exceptions or statement of the case is a 'proceeding' within the provisions of section 473 of the Code of Civil Procedure, an application to amend or correct which, after settlement, is governed by and must be made within the limitations prescribed by that section. (*Flynn* v. *Cottle*, 47 Cal. 526; *Branger* v. *Chevalier*, 9 Cal. 351; Hayne's New Trial and Appeal, sec. 160.)

"The application to the court below having been made more than six months from the date of the certificate of settlement, that court was without power to allow an amendment or correction of the statement, and its order denying the application cannot be disturbed." (See, also, *Baker* v. *Borello*, 131 Cal. 617.)

We hardly deem it necessary to comment further upon a proposition which seems to be so effectually settled by these authorities. The cases of *Warner* v. *Thomas*, 105 Cal. 411, and *People* v. *Southern*, 118 Cal. 360, relied on by respondent in support of its action, did not involve the point here considered. In the first case the application was made within three months after the certification of the statement, and in the second case the only question was as to the notice to be given to the other side on making the application. In both these cases the court discussed the duty of the judge in settling

a statement, to make it truly represent the case (Code Civ. Proc., sec. 659), and held that when the judge became satisfied that the statement as settled did not truly represent the case, he was authorized, and it was his duty, to make such corrections therein as would cause it to conform to the fact. All of which is good law, but applies to the duty of the judge to be discharged, particularly at the time the statement is before him for settlement, and, generally, within the period of limitation.

It is objected that this court should not entertain this application because the petitioner has a plain, speedy, and adequate remedy at law by appeal. We are unable to agree with counsel in this regard. An order granting an amendment to a statement upon motion for a new trial is not an appealable order (*Yerian* v. *Linkletter*, 80 Cal. 137); and this is true whether the amendment is made on application of counsel or on the court's own motion. Neither is an order settling a statement appealable. (*Henry* v. *Merguire*, 106 Cal. 145.)

The order of the court of May 12, 1902, canceling and setting aside the certificate of settlement and allowance of said statement, made on October 29, 1901, and amending and certifying the same on said May 12, 1902, should be annulled, and it is so ordered.

McFarland, J., Beatty, C. J., Shaw, J., and Van Dyke, J., concurred.