[S. F. No. 4796.  In Bank.—January 23, 1908.]

MERCED BANK (a Corporation), SOPHIE A. IVETT, (Substituted Plaintiff), Respondent, v. JAMES D. PRICE et al., Appellants.

BILL OF EXCEPTIONS—EFFECT OF CERTIFICATION BY JUDGE.—Whether or not a bill of exceptions has been correctly engrossed so as to embody all that the judge at the time of actual settlement, ordered incorporated in it, is a matter to be determined by the judge at the time the engrossed bill is presented for certification, and his certification of the same is an adjudication that it is so correctly engrossed.

ID.—NEW TRIAL—RECORD OF COURT.—A bill of exceptions on a motion for a new trial, when certified by the judge, is filed with the clerk, and as so certified becomes the record of the court, and the only record in the matter, and the motion for a new trial, so far as it is based on the bill of exceptions, is based and must be heard and determined on it as so certified and filed, or as previously corrected under section 473 of the Code of Civil Procedure.

ID.—AMENDMENT OF BILL AFTER APPEAL.—An appeal from an order denying a new trial deprives the superior court of jurisdiction to set aside such order, and while that order is in force, the record upon which it is based cannot be changed, and the supreme court must review the order upon the same record upon which it was made.  A different rule applies where the bill of exceptions is to be used on an appeal from a decision made before the bill of exceptions was settled.  The effect of an amendment in such a case being simply to enable this court to review the decision of the lower court in view of all the facts which that court had before it when it made its decision.

ID.—APPLICATION TO AMEND BILL MUST BE MADE WITHIN SIX MONTHS.—After a bill of exceptions on motion for a new trial has been certified by the judge and filed, the power of the court to amend it, on the ground of mistake, inadvertence, surprise, or excusable neglect, is derived from and limited by the terms of section 473 of the Code of Civil Procedure; and an application for an amendment made more than six months from the date of the certification is too late, and beyond the power of the court to grant.  The certification of the bill was a "proceeding" within the meaning of that section.

APPLICATION for an order permitting appellants to file, as a part of the transcript and record on appeal, certain specifications which were not included in the engrossed bill of exceptions as certified by the trial judge.

The facts are stated in the opinion of the court.

G. G. Goucher, W. H. Larew, and J. S. Larew, for Appellants.

J. W. Knox, for Respondent.

THE COURT.—This is a motion for an order permitting appellants to file, as a part of the transcript and record on appeal herein, certain specifications of the particulars in which it is claimed that the findings of the trial court are not sustained by the evidence, and certain specifications of errors of law, which were not included in the engrossed bill of exceptions as certified by the trial judge. It is made to appear by an order of the trial judge, based on the motion of appellants, that such specifications were in fact allowed and settled by the judge as a part of the bill of exceptions, and were intended and believed by him to be included in and to constitute a part of the engrossed bill signed and certified by him, but that they were by accident and inadvertence omitted from such engrossed bill.

The appeal before us is one from an order denying appellants' motion for a new trial. The bill of exceptions was ordered settled on September 21, 1906, and the engrossed bill of exceptions was signed and certified by the judge on November 3, 1906, and filed as a record of the court. The order denying the motion for a new trial was made on January 4, 1907, and the appeal from such order to this court was perfected on March 1, 1907. No proceeding was instituted in the superior court for the correction or amendment of said engrossed bill by inserting said specifications until more than six months had elapsed from the date of certification thereof by the judge. On May 14, 1907, eleven days after the expiration of such six months, appellants gave notice of a motion, to be made May 27, 1907, for an order authenticating said specifications as the specifications allowed and settled by the court as a part of the bill of exceptions on the twenty-first day of September, 1906, and as intended and believed by the court to be included in and to constitute a part of the engrossed bill signed on November 3, 1906, and the court, after hearing said motion, made the order asked on June 10, 1907. A certified copy of such order, attached to a certified copy of such specifications, has been produced in this court.

1. In our judgment, at least two of the objections made to the granting of the motion are good.

The proceeding instituted by the motion for authentication, etc., in the trial court was one for the amendment of the *record* of that court upon which the motion for a new trial had been heard and determined. It is immaterial in this connection that the proposed amendments merely included matters that had in fact been allowed by the judge, and thus ordered included in the bill to be subsequently signed by him. Whether or not a bill of exceptions has been correctly engrossed so as to embody all that the judge at the time of actual settlement ordered incorporated in it is a matter to be determined by the judge at the time the engrossed bill is presented for certification (*Ryer* v. *Rio Land etc. Co.*, 147 Cal. 465, [82 Pac. 62]), and his certification of the same is a determination that it is so correctly engrossed. The bill *when certified by the judge* is filed with the clerk (Code Civ. Proc., sec. 650), and as so certified becomes the record of the court, and the only record in the matter. The motion for a new trial, so far as it is based on a bill of exceptions at all, is based and must be heard and determined on the bill of exceptions *as so certified and filed,* or as previously corrected under section 473 of the Code of Civil Procedure. It is settled that an appeal from an order denying a new trial deprives the superior court of jurisdiction to set aside such order, that while that order is in force the record upon which it is based cannot be changed, and that this court must review the order upon the same record upon which it was made. (See *Baker* v. *Borello,* 131 Cal. 617, [63 Pac. 914].) A different rule applies where the bill of exceptions is to be used on an appeal from a decision made before the bill of exceptions was settled; the effect of an amendment in such a case being simply to enable this court to review the decision of the lower court in view of all the facts which that court had before it when it made its decision. This is shown by *In re Lamb,* 95 Cal. 408, [30 Pac. 568], an appeal from an order setting apart a homestead, where, after appeal taken, the judge of the superior court allowed the bill settled after the making of the order, to be amended by the insertion of specifications of insufficiency of evidence. It is possible that in the case at bar if it could be made to appear that the motion for a new trial

was heard and determined upon the theory that said specifications were in fact a part of the certified bill, a different rule might obtain. It is, however, unnecessary to determine this question for two reasons—1st. The record does not so show; and, 2d. The motion here made must also be denied upon a second ground, which we will now proceed to discuss.

2. It has already been noted that no application for any amendment was made within six months after the certification of the engrossed bill by the judge. As we have seen, the certification was an adjudication by the judge that all the matters ordered incorporated in the bill had been set forth therein, and that the bill so certified constituted the bill of exceptions as ordered settled by him. It constituted a "proceeding" taken against appellants within the meaning of section 473 of the Code of Civil Procedure, through the mistake, inadvertence, and excusable neglect of appellants. It is settled that under the procedure in this state the power of the court to amend its record in matters of this character, and thus to relieve a party from the effect of a mistake, etc., therein, is derived from and limited by the terms of section 473 of the Code of Civil Procedure, allowing amendments to pleadings or proceedings on the ground of mistake, inadvertence, surprize, or excusable neglect. (See *Fountain Water Co.* v. *Superior Court,* 139 Cal. 648, [73 Pac. 590], and cases there cited.) It was held in the case just cited that when a statement on motion for new trial is settled and filed it becomes a record of the court, and is only subject to the action of that tribunal within the time limited by section 473 of the Code of Civil Procedure, and that section authorizing relief to be granted a party only when application is made therefor within six months from the time the judgment, order, or proceeding against him is taken, an application for amendment made more than six months from the date of certification is too late, and a court is without power to grant the relief. This conclusion was in line with several prior decisions of this court, and we find nothing in conflict therewith. The well-settled rule that a court has the power to correct its records at any time, so as to make them truly show a judgment or order actually made, where such judgment or order has been incorrectly entered or recorded by reason of mistake of a ministerial officer making the entry, such as the clerk of the court, has no application here.

It follows from what we have said that the order of the superior court allowing the amendment is void, and that the specifications sought to be filed cannot be considered as a part of the bill of exceptions on this appeal.

The motion must be denied and it is so ordered.