[S. F. No. 12354. In Bank.—October 24, 1927.]

## JOSEPH T. McMAHON, Appellant, v. FRED HAMILTON, Respondent.

[1] Appeal—Amendment of Record—Jurisdiction—Time.—An appellate court, in the exercise of its inherent appellate jurisdiction, has the power at any time pending an appeal to authorize the withdrawal of the transcript for the purpose of amending it to include a bill of exceptions, where it is made to appear to said court that the trial judge authenticated what appears in the transcript on file to be a bill of exceptions, under the erroneous impression and belief that it was an engrossed bill of exceptions, but which in fact did not contain the previously allowed amendments suggested by the respondent.

---

(1) 4 C. J., p. 493, n. 74, p. 494, n. 79, p. 496, n. 96, p. 501, n. 47; 15 C. J., p. 902, n. 13.

1. 2 Cal. Jur. 546, 681.

MOTION to set aside order authorizing withdrawal for correction of a transcript on appeal from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Denied.

The facts are stated in the opinion of the court.

J. A. Tracy, William Steers and Charles Reagh for Appellant.

Cooley, Crowley & Gallagher and Louis V. Crowley for Respondent.

THE COURT.—Plaintiff and appellant herein presents a motion that this court vacate and set aside an order heretofore made which said order authorized the withdrawal of the transcript in this cause from the files of this court for the purpose of correcting and amending the same. The action was instituted to recover damages for injuries suffered by the plaintiff as a result of the defendant's alleged negligence. After trial, the jury returned a verdict for the defendant and judgment was accordingly entered. From the judgment so entered the plaintiff prosecuted this appeal. The transcript filed herein consists of the judgment-roll, notice of appeal, and what purports to be a bill of exceptions certified to by the trial judge on October 25, 1926. Thereafter the respondent noticed a motion for the July calendar of this court which motion suggested diminution of the record herein in order that the same might include the proposed and allowed amendments of respondent to the bill of exceptions submitted by appellant. In support of said motion for diminution the respondent filed, among others, an affidavit of the trial judge wherein the affiant states that "On April 22, 1926, defendant filed herein his proposed amendments to plaintiff's proposed bill of exceptions; thereafter and on the 10th day of June, 1926, the matter of the settlement of plaintiff's proposed bill of exceptions and defendant's proposed amendments thereto came on regularly for hearing before affiant and on said date affiant settled said bill of exceptions and allowed all of the proposed amendments of the defendant.

"At no time was said bill of exceptions engrossed and the plaintiff did not at any time incorporate the or any of the said amendments of the defendant, settled and allowed as aforesaid.

"Thereafter and on the 25th day of October, 1926, the plaintiff by his attorney presented to affiant as the judge of said court, an instrument in writing which affiant believed to be an engrossed bill of exceptions allowed as aforesaid, and so believing, affiant as such judge, allowed, settled and approved the same; said instrument in writing so presented to and signed by affiant as such judge, contains only the plaintiff's proposed bill of exceptions and does not contain the proposed and allowed amendments of the defendant, as affiant is informed and believes, and said instrument was and is not an engrossed bill of exceptions; affiant as such judge, would not have signed said instrument if affiant knew the same was not an engrossed bill of exceptions and if affiant knew that there was not contained therein the proposed and allowed amendments of the defendant."

It may be remarked in passing that the appellant filed his opposition to said motion for diminution accompanying the same with an affidavit of counsel which, in several material particulars, contradicts the affidavit of the trial judge. Upon the hearing of said motion this court made its order, now sought to be vacated, authorizing the withdrawal of the transcript to permit of its amendment so as to include in the bill of exceptions contained therein the proposed and allowed amendments offered by respondent. The appellant thereupon noticed the motion now under consideration for the October calendar of this court and seeks thereby to have this court vacate and annul the order just above referred to.

In the main, the appellant contends, in support of his motion to vacate, that both this court and the trial court are without jurisdiction and power to amend or cause to be amended what purports to be the bill of exceptions settled herein. The appellant in advancing this argument relies upon the provisions of section 473 of the Code of Civil Procedure and the case of *Merced Bank* v. *Price,* 152 Cal. 697, 700 [93 Pac. 866].

Before launching into a discussion of the issue so presented we pause to say that, in our opinion, the case of

*Merced Bank* v. *Price, supra,* is without persuasive force and not in point, for the reason that the trial court in that case had attempted to amend a bill of exceptions which had been prepared and settled *prior* to the taking of the appeal from an order denying a new trial. In the instant case the bill of exceptions was prepared and settled after appeal taken. That there is a clear line of demarcation between those cases in which the bill of exceptions is settled prior to the appeal and those in which settlement occurs subsequent to the prosecution of the appeal is now definitely settled. This distinction is considered in the case of *Baker* v. *Borello,* 131 Cal. 615, 617 [63 Pac. 914], where it is stated that "We have no doubt that a bill of exceptions, or statement which has been settled after appeal taken, may be corrected by a proper proceeding under section 473 of the Code of Civil Procedure, commenced, as this was, within six months after the settlement, for in such cases the superior court is empowered to settle the bill or statement—i. e., to complete the record—after and for the purposes of the appeal. . . . But a bill of exceptions, prepared and settled beforehand to be used in support of a motion for a new trial, after the denial of the motion and an appeal therefrom, presents a different question. We are of the opinion that in such case the record cannot be amended, and this for reasons which, though technical, are, nevertheless, conclusive. The appeal deprives the superior court of jurisdiction to set aside its order denying the new trial, and while that order is in force the record upon which it is based cannot be changed, and this court must review the order upon the same record upon which it was made. . . . "

The opinion in *Merced Bank* v. *Price, supra,* is based upon this very distinction and cites *Baker* v. *Borello, supra,* in support thereof. It would appear, therefore, that the second ground of decision in *Merced Bank* v. *Price, supra,* from which appellant seeks to derive comfort, while correctly stating the law, is purely *dicta.* Moreover, the case of *Merced Bank* v. *Price, supra,* would appear to be distinguishable from the instant case for the reason that this court was there called upon to determine whether the *trial court* had jurisdiction and power to amend the bill of exceptions as therein attempted. The issue here for solution is whether *this court,* or any appellate tribunal, may, under

the circumstances here presented, properly direct the lower court to amend a bill of exceptions or transcript even though the six-months period provided for in section 473 of the Code of Civil Procedure has elapsed.

[1] We have concluded that our order of July 11, 1927, authorizing the withdrawal and amendment of the transcript herein in the particulars above referred to was a proper exercise of our appellate jurisdiction. In so concluding we are not unmindful of the numerous authorities, many of which are relied upon by the appellant and moving party, which declare, and correctly so, that a *trial court* is without power to and may not amend a record to be used upon appeal more than six months after the same has been certified as a correct transcript of the proceedings had and taken in such court. (*Fountain Water Co.* v. *Superior Court,* 139 Cal. 648 [73 Pac. 590] ; *Baker* v. *Borello, supra; Sprigg* v. *Barber,* 118 Cal. 591 [50 Pac. 682].) It is also well settled that a record authenticated by the trial court cannot be changed by an appellate court. (*Mendocino County* v. *Peters,* 2 Cal. App. 24, 27 [82 Pac. 1122], and authorities cited.) Our research has failed to disclose, however, any authoritative expression which would preclude this or any appellate court, having jurisdiction over a record regularly on file, from authorizing the temporary withdrawal thereof at any time during the pendency of the appeal so that the same might be corrected and amended in conformity to the direction of the appellate court. In such a case we are not confronted with a want of power or jurisdiction in the trial court, assuming the six-months period to have expired, but rather with the inherent power of an appellate court to cause the amendment of a record before it so that the same might speak the truth. The trial court in such a case receives its power to act in the premises from the order of the appellate court. That an appellate court may have a record before it amended so as to speak the truth has long since been the subject of judicial decision. (*Valentine* v. *Stewart,* 15 Cal. 387, 396.) In that case this court adopted with approval the following declaration from *Johnson* v. *Whitlock,* 13 N. Y. 344, 349 (3 Kern. 344) : "If this statement has been imperfectly made, we have no doubt of the power of the Supreme Court to direct a resettlement, and reform the proceedings in any

manner not inconsistent with the actual finding of the Judge or Referee upon the facts. The facts, as found, cannot be changed and found differently; nor can leave be had to insert exceptions never in fact taken; but within these limitations it will always be proper to move in the Supreme Court, not to turn the case into a bill of exceptions—a proceeding which has no existence under the code—nor into a special verdict, but so to amend the case itself as to fitly present the questions which are to be examined in this Court.''

We have failed in our examination of the authorities to uncover any statutory period of limitation upon this inherent appellate power. The absence of such limitation tends strongly to indicate that an appellate court may, in its discretion, permit of amendments to a record before it and should in this respect be liberal so as to secure a hearing on the merits. (*Perri* v. *Beaumont*, 88 Cal. 108, 109 [25 Pac. 1109].) Rule 14 of this court provides for the correction of a record upon a suggestion of diminution thereof. This rule is singularly free of any limitation of time within which a record may be corrected. It is true, of course, that rules of court are subservient to statutory mandate. (*Brooks* v. *Union Trust Co.*, 146 Cal. 134, 138 [79 Pac. 843]; *People* v. *Walker*, 76 Cal. App. 192 [244 Pac. 94].) But, as indicated above, we have not succeeded in finding any statutory period of limitation upon this power of an appellate court to cause the correction of a record. Section 953 of the Code of Civil Procedure provides in part: ''If it appear that there is any paper or record in the custody of the clerk of the trial court which was before the trial court but which is not included in the record on appeal, and an examination of such paper or record will assist in a determination of the appeal on its merits, the court in which the appeal is pending may, on motion of either party, or on its own motion, require the production of a certified copy of such paper or record, and the same shall thereupon be deemed a part of the record on appeal.'' This section likewise is without limitation and again is indicative of the conclusion we have announced herein, viz., that an appellate court may, at any time pending determination of the appeal, have a record amended so as to speak the truth, thus insuring disposition of causes upon their substantial merits.

It has repeatedly been held by this court that technical objections are not favored and that a record may and will, when necessary, be corrected unless a right of the adverse party is injuriously affected thereby. (*California Wine Assn.* v. *Commercial Union Fire Ins. Co.,* 159 Cal. 49, 53 [112 Pac. 858]; *Perri* v. *Beaumont, supra.*) Moreover, this court looks with favor upon an amendment the effect of which "is simply to enable this court to review the decision of the lower court in view of all the facts which that court had before it when it made such decision." (*In re Lamb,* 95 Cal. 397, 408 [30 Pac. 568, 571].)

As indicated at the commencement of this opinion the trial judge authenticated what appears in the transcript on file herein to be a bill of exceptions under the erroneous impression and belief that it was an engrossed bill of exceptions presented by the appellant and containing the previously allowed amendments suggested by the respondent. The affidavits on file disclose that the bill as certified by the judge is not the bill of exceptions theretofore settled by him. To hold under these circumstances that this court may not direct the correction of such misprision would result, in many instances, in the disposition of causes upon technical grounds and without regard to their substantial merits. In the absence of statutory mandate or authoritative expression to the contrary we feel constrained to conclude, as already stated, that an appellate court in the exercise of its jurisdiction may direct and cause the correction of a record before it at any time during the pendency of the appeal; and, this without reference to the provisions of section 473 of the Code of Civil Procedure.

The appellant's motion to vacate the order heretofore made herein is denied.