[Civ. No. 6909. First Appellate District, Division Two.—November 23, 1929.]

JULES LAUCHERE, Appellant, v. CHARLES G. LAMBERT et al., Respondents.

Jackson & Peterson and Clell H. McCredie for Appellant.

Ross & Ross for Respondents.

KOFORD, J.—Respondents have made a motion in this court for an order for diminution of the record directing the clerk of the trial court to add to the clerk's transcript filed herein on April 5, 1929, a certain order of the trial court made on September 20, 1929, which order the clerk of said court pursuant to the order of the trial judge entered *nunc pro tunc* as of February 21, 1929. The original order made on February 21, 1929, read: "It is ordered that said motion (for new trial) be and the same is hereby granted as prayed for." The *nunc·pro tunc* order of September 20, 1929, which respondents desire incorporated in the clerk's transcript reads, " . . . the court in open court stated its views in said matter and particularly stated that the evidence introduced was insufficient to justify the verdict and granting said motion upon that ground.

"It is ordered that said motion for a new trial be and the same is hereby granted as prayed for, and particularly upon the ground of the insufficiency of the evidence to sustain the verdict."

The order granting a new trial was attacked by appellant in his opening brief filed herein on July 31, 1929. Respondents are now awaiting our ruling upon this motion before filing their brief. The difference in wording between the original and the changed order granting a new trial is important on account of the following requirement of Code of Civil Procedure, section 657: "When a new trial is granted upon the ground of the insufficiency of the evidence to sustain the verdict, the order shall so specify, otherwise, on appeal from such order, it will be presumed that the order was not based upon that ground." Obviously, the order of September 20th must be considered upon this appeal or not at all.

Appellant contends that, because the order of September 20, 1929, was made ex *parte,* without notice, and more than six months after the original order, it is void. Appellant also states that the trial court itself cannot now after the lapse of six months change the record on appeal. The trial court has not changed the record on appeal. It has changed its own record. The question before us is whether we should have the record on this appeal show the proceedings which have taken place since the appeal was perfected.

Appellant concedes that under the authority of *McMahon* v. *Hamilton,* 202 Cal. 319, 323 [260 Pac. 793], the appellate court may itself correct a record on appeal by directing the clerk having custody of the requested record to add it to the transcript or otherwise certify it up. He nevertheless contends that the appellate court will not exercise its power to have the said order incorporated into the record on appeal because void for the reasons above stated.

So far as perfecting and completing a record upon appeal is concerned, an order of the trial court is an order even though it be erroneous or void. To refuse to put an order in the record on appeal because it is void, is to first decide the point on appeal and then refuse to consider the appeal because not meritorious or well taken in point of law.

The asserted fact that the said corrected or changed order was made *ex parte* and that it was made more than six months after the original was made, appears to us only by the affidavits filed in this court upon this motion. The power of this court to review the orders and judgments of the trial court is to be exercised in accordance with the prescribed law of procedure for appeal. This does not include affidavits. (2 Hayne on New Trial and Appeal, secs. 283 and 271, and cases cited.)

An affidavit filed herein upon this motion is said by appellant to contain statements which show that the order of September 20, 1929, was not one which corrected minutes which through inadvertence did not speak the truth, but that it was an order which made a new and different order out of the real order originally entered. The affidavit if closely scrutinized may not have such a sweeping effect. However this may be, this part of the affidavit is not different in principle than the part which purports to show that the order is void for the other reasons already discussed. Such additional alleged ground of invalidity of the order should not cause us to refuse to have the order incorporated into the record upon this appeal.

The order of September 20, 1929, is an order either correcting or changing the original order granting a new trial which is directly attacked upon this appeal. For that reason it should be put into the record upon appeal. Having been made after the clerk's transcript was filed in this

court, it did not belong in that transcript at the time that transcript was certified and filed. It should be put into a supplementary clerk's transcript and filed herein so that it may be considered upon the appeal pending in this court.

It is ordered that the clerk of the trial court prepare, certify and file herein a supplementary clerk's transcript of the record of this case showing all minutes and documents appertaining to this cause coming into her custody subsequent to the certification of the original clerk's transcript herein.

Nourse, J., and Sturtevant, J., concurred.