[Civ. No. 12368. Second Appellate District, Division One.—March 12, 1940.]

OSA JOHNSON et al., Appellants, v. WESTERN AIR EXPRESS CORPORATION (a Corporation) et al., Respondents.

[Civ. No. 12369. Second Appellate District, Division One.—March 12, 1940.]

OSA JOHNSON, Appellant, v. WESTERN AIR EXPRESS CORPORATION (a Corporation) et al., Respondents.

Leonard E. Thomas and John M. Schaupp for Appellants.

John J. Goldberg, Jesse H. Steinhart and George L. Greer for Respondent United Airports Company of California, Ltd.

YORK, P. J.—Appellants request permission to file a consolidated supplemental clerk's transcript of amendments made during the trial to the complaint herein to conform to proof, leave therefor having been granted by the trial judge at the close of trial on December 27, 1938, over the objection of the respondent United Airports Company.

From the affidavits filed in this court addressed to the application or request, as well as from the record on appeal, it appears that on July 7, 1939, when the transcripts in the instant causes were called for settlement the following minute order was made:

"Settlement of Clerk's and Reporter's Transcripts on Appeal came on for hearing, being continued from July 5, 1939, —T. G. Cecil, Reporter—2:10 P. M. to 3:15 P. M. Leonard E. Thomas appearing for plaintiff in both cases; Elber H. Tilson appearing for defendant Western Air Express Corporation in both cases; George L. Greer and John J. Goldberg appearing for defendant United Airports Company of California, Limited, in both cases. The Court orders written Amendments to conform to proof in each case filed *nunc pro tunc* as of December 27, 1938. Argument on the settlement of the transcripts is concluded and the Court informs the attorneys the transcripts will be signed when corrections are made." Accordingly, the amendments were filed and stamped on the back, to wit: "July 7, 1939. Filed *nunc pro tunc* as of December 27, 1938. L. E. Lampton, County Clerk, By C. D. Wier, Deputy."

It further appears that on said July 7, 1939, the regular clerk of the court was absent on vacation and that, through inadvertence and error on the part of the substitute clerk of said court, the original clerk's transcripts were never sent to the county clerk's office for the purpose of having the corrections made as ordered by the trial court, and the said transcripts were transmitted to this court without the amendments to conform to proof having been incorporated therein.

The purpose of the amendments to conform to proof was to add at a designated place in each complaint the following allegation:

"That with the approval of the Department of Commerce and with the consent of Western Air Express Corporation and other public air carrier corporations operating in and out of Union Air Terminal, defendant United Airports Company of California, Ltd., agreed with said carriers to control, and did control, such aircraft in the area surrounding said airport operated by it and as specified in said agreement, and agreed to supply a radio localizer beam to such aircraft for instrument approaches to said airport at such times as the same were needed or requested"; as well as the addition at

certain designated places in said complaints of the following words: "and the said defendant United Airports Company of California, Ltd., its agents, servants and employees."

Respondent United Airports Company opposes the filing of said transcript upon the following grounds: "1. That the affidavit of Leonard E. Thomas in support of the application does not show excusable neglect in the failure of appellants until November 27, 1939, to take any proceedings for the inclusion in the clerk's transcript of said amendments to complaints. . . . 2. That the granting of appellants' application . . . would operate prejudicially to respondent United Airports Company of California, Ltd. Affiant (John J. Goldberg) prepared the brief for that respondent on the basis of the record on appeal as it stood at the time appellants' opening brief was filed and at the time the brief for said respondent was in preparation. . . . that appellants are not entitled to such consideration and to have this respondent put to the further expense and effort of preparing a supplemental brief in view of the long delay and inexcusable failure of appellants to follow the requirement of the trial court and to note the absence in the clerk's transcript of the proffered amendments to complaints."

So far as is ascertainable from a cursory reading thereof, no mention is made in appellants' opening brief herein of the amendments to conform to proof, but respondent United Airports' reply brief filed on November 15, 1939, calls attention to their omission as follows: "Whether through inadvertence or because appellants did not choose to amend according to the proof as determined by the court, no formal amendment to conform to proof was ever filed in the cases or made a part of the record on appeal. We must assume therefore that appellants decided to stand on the complaints as filed and as to which United Airports had made timely objection before the trial commenced."

Immediately thereafter, to wit, on November 27, 1939, counsel for appellants filed his affidavit in support of his application for permission to file said consolidated supplemental clerk's transcript containing the amendments to the complaints, and on December 6, 1939, served and filed his notice of hearing on December 18, 1939, before this court of respondent's objections to said application.

■ In the circumstances, it must be conceded that appellants' opening brief was prepared upon the assumption that the amendments to conform to proof were included in the record on appeal, and that their omission was first discovered by counsel for respondent United Airports Company. While greater care undoubtedly should have been exercised by counsel in checking the transcripts before filing their opening brief on appeal, it has become so natural for both litigants and attorneys to rely upon the efficiency and accuracy of the attachés of the county clerk's office, that it seems unfair to say that appellants' failure in this regard is entirely inexcusable. Counsel for respondent United Airports Company had personal knowledge throughout the proceedings in the trial court, as well as those incident to this appeal, that appellants desired to include in the clerk's transcript the amendments to conform to proof, and were also advised that the trial court had granted appellants' request therefor. Had said counsel upon discovery of the omission seen fit to disclose the same before filing their reply brief, much time and wasted effort could have been saved for all concerned.

"Appellate courts look with favor upon an amendment the effect of which is to enable them to review the decision of the lower court in view of all the facts which that court had before it when it made its decision. (*McMahon* v. *Hamilton,* 202 Cal. 319, 325 [260 Pac. 793].)" (*Webster* v. *Webster,* 216 Cal. 485, 492 [14 Pac. (2d) 522].)

It is obvious that respondent United Airports Company will suffer no prejudice by reason of the diminution of the record here sought, and permission is hereby given to said respondent to file a supplemental reply brief, if it desires to do so.

The application of appellants to file the consolidated supplemental clerk's transcript containing the amendments to conform to proof is therefore granted.

Doran, J., and White, J., concurred.