JOHN MURPHY et al., Respondents, *v.* LOUIS BUCKMAN, Appellant.

By the terms of a building contract between defendant, owner, and B., contractor, it was provided that if, during the progress of the work, the contractor refused or neglected to supply sufficient materials or workmen, defendant, after three days' notice, might provide them to finish the work, and deduct the expense from the amount of the contract. Defendant, on the default of B., gave the three days' notice, and thereafter expended, in labor and material, to complete the work, a sum, which, with the amount paid B., was $778.90 less than the contract-price. In an action to foreclose a mechanic's lien for materials for the building sold B., *held*, that defendant, by electing to go on under said clause in the contract, waived the right to insist upon a forfeiture, and that plaintiff was entitled to judgment for the balance unpaid.

(Argued May 23, 1876; decided May 30, 1876.)

APPEAL from judgment of the General Term of the Court ·of Common Pleas for the city and county of New York

affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to foreclose a mechanic's lien on premises in the city of New York.

The referee found, substantially, the following facts, among others: On the 15th of April, 1870, the defendant, Louis Buckman, as owner, and one Frederick Brassel, as mason, entered into a contract, in writing, by which said Brassel agreed, on or before the first of August then next, to do the work and furnish the materials mentioned in the mason's specifications for a building upon defendant's premises, No. 67 Columbia street, in the city of New York, for the sum of $6,000  The contract contained this provision: "Should the contractor, at any time during the progress of the said work refuse or neglect to supply a sufficiency of materials or workmen, the owner shall have the power to provide materials and workmen, after three days' notice, in writing, being given to finish the said works, and the expense shall be deducted from the amount of the contract."

Brassel entered upon the contract, but ceased work in July, at which time his contract was not nearly completed. Defendant elected to complete the contract himself, as provided in the contract, and served upon Brassel the three days' notice required thereby. Defendant paid to Brassel $3,118.90, and he expended in completing the work contracted for $2,102.20.

Plaintiff furnished to Brassel building materials to the amount of $1,663.98, most of which was used in the work on the building, for which the plaintiff filed a mechanic's lien. As conclusion of law, the referee found that plaintiff was entitled to enforce his lien to the extent of the balance unpaid on the contract.

Further facts appear in the opinion.

*Geo. W. Wingate* for the appellant. Abandoning the building without full performance was a bar to a recovery. (*Cunningham* v. *Jones*, 20 N. Y., 486; *Smith* v. *Brady*, 17 id., 186, 187, 190; *Crane* v. *Knubel*, 43 How. Pr., 389; *Glacius*

v. *Black,* 50 N. Y., 145, 148; *Pollen* v. *Corning,* 9 id., 93.) There was nothing in the proof to constitute a legal waiver. (*Ripley* v. *Ætna Ins. Co.,* 30 N. Y., 136; *Gardner* v. *Clark,* 21 id., 404; *Roberts* v. *Opdyke,* 40 id., 264; *Pike* v. *Butler,* 4 id., 360; *Catlin* v. *Tobias,* 26 id., 217; *Miller* v. *Pondcar,* 55 id., 325; *Barton* v. *Herman,* 11 Abb. Pr. [N. S.], 383.) The presence of the owner while the work was being done did not affect the case. (*Pike* v. *Butler,* 4 Comst., 360, 363; *Moulton* v. *McOwen,* 103 Mass., 587, 596, 597; *Meehan* v. *Williams,* 2 Daly, 376; *Robinson* v. *Brien,* 20 Tex., 438; *People ex rel. Comrs.* v. *Cowner,* 46 Barb., 334; *Veasie* v. *Bangs,* 51 Me., 509; *Stewart* v. *Fulton,* 31 Mo., 59; *Morrison* v. *Cummings,* 26 Vt., 486; *Reed* v. *Bd. Education,* 4 Abb. Ct. App. Dec., 26.) There was nothing due on the contract against which plaintiff could enforce a lien. (*Crane* v. *Genin,* 60 N. Y., 129; *Lynn* v. *O'Hara,* 2 E. D. S., 560; *Hoyt* v. *Miner,* 7 Hill, 525; *Smith* v. *Coe,* 2 Hilt., 365, 387; *Doughty* v. *Develin,* 1 E. D. S., 625.) The contractor was bound by the contract to do the work " to the satisfaction of the owner." (*Martin* v. *Leggett,* 4 E. D. S., 255; *Thomas* v. *Fleury,* 26 N. Y., 26; *Smith* v. *Briggs,* 3 Den., 73; *McCarren* v. *McNulty,* 7 Gray [Mass.], 39.)

*Nelson Smith* for the respondents. Defendant was estopped from objecting to the work done by the contractor, he having, by superintending and directing it, waived his right to object to it. (*Gillen* v. *Hubbard,* 2 Hilt., 303; Bigelow on Estop., 501.)

ANDREWS, J. The defendant, on the default of the contractor, elected to proceed to complete the house under the clause in the contract which provides that if the contractor should at any time during the progress of the work refuse or neglect to supply a sufficiency of materials or workmen, the owner may, after three days' notice being given to the contractor, provide them, and deduct the expense from the amount of the contract. The owner gave the notice, and expended in completing the house $2,102.20, which, together

with the amount he had paid the contractor, was $778.90 less than the sum the contractor was to receive under the contract; and this sum was allowed to the plaintiffs upon their lien.

The defendant, by electing to go on under this clause of the contract, waived the right to insist upon a forfeiture for the failure of the contractor to perform the contract. The owner was not precluded thereafter from claiming damages against the contractor for defective performance, or for failure on his part to complete the building at the time specified; and these damages he could recoup, against any sum due the contractor, for work done under the contract. But he could not avail himself of the right, given him by the contract, to complete the work, thereby substituting himself in place of the contractor, and at the same time claim that the contract was at an end, and refuse to account to the contractor for work done under it, on the ground that the contract was forfeited. The election to do the work at the contractor's expense, under the clause referred to, assumed that the contract was then in force. The case of *Gillen* v. *Hubbard* (2 Hilton, 304), a case arising under a similar contract, contains a very satisfactory exposition of the meaning of this clause.

This disposes of the main question in this case. The answer did not seek to recoup damages for the contractor's default in performing his contract. The referee found that there was a failure in several respects, by the contractor, to perform it, but there is no finding as to the amount of damages, and no request to find upon the subject.

The exception to the finding that the defendant elected to complete the contract himself, is not well taken, because that fact was both alleged in the answer and proved on the trial; and the other findings of fact excepted to were supported by evidence. The conclusion of law that the defendant had waived the forfeiture was amply justified by the proof, and the exception thereto cannot be sustained.

The judgment should be affirmed.

All concur.

Judgment affirmed.