OSCAR TAYLOR, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

(Argued December 21, 1880 ; decided January 25, 1881.)

THIS action was brought to recover a balance alleged to be due plaintiff on a contract for work in constructing certain sewers. The answer set up a counter-claim for damages for breach of contract. The contract contained a clause authorizing defendant, in case of failure on the part of plaintiff to complete the work, to go on and complete it and charge the expense of completion to plaintiff. Plaintiff having failed to complete the contract, defendant under this clause contracted for its completion with one Hackett ; the latter also failed to perform his contract, and the work was again let to one Mc-Ginn. Upon the trial defendant's counsel asked one Myers, a city employee, if he could tell the amount incurred in the final completion of the work in excess of the plaintiff's contract. This was objected to on the ground that the cost of the work should be measured by what Mr. Hackett agreed to do it for. The objection was sustained. The defendant then without objection proved by the witness that under the Hackett contract the work would cost in excess of the prices under plaintiff's contract more than the balance unpaid for the work done by him. The referee found that defendant had failed to prove the counter-claim and gave judgment for the balance claimed. *Held,* that while defendant might have claimed that plaintiff upon refusing to do the work he was by his contract bound to do, forfeited his contract, yet as it did not take that position, but rested upon the clause in the contract above mentioned, it could not now insist that the contract was forfeited. (*Murphy* v. *Buckman,* 66 N. Y. 297.) But that this did not preclude defendant from a counter-claim to the extent of the cost of completing the work according to plaintiff's contract, and that defendant having accepted the test insisted upon by plaintiff as the true measure of damages, and having confined itself to that measure and given testimony upon it without objection, competent and sufficient to establish the counter-claim, the finding of the referee was error.

It was claimed upon the argument of the appeal that the form of the proposals under which Hackett took his contract would enhance the price of doing the work.    It did not appear that this position was taken on the trial.    *Held*, that as the defendant gave proof from which the court could have found with exactness the cost of finishing the work and how much it was under the Hackett contract in excess of plaintiff's, if there was any thing in those proofs which was inexact in fact it was for plaintiff to have furnished the correction.

*Riggs* v. *Pursell* (74 N. Y. 374), distinguished in that in that case it was an express condition of the sale, that if a resale was had it should be on the same terms, and the terms of the resale there were so variant as to make the subject-matter a different thing, and gave no just measure of liability, while here the plaintiff's contract did not so limit defendant, and the two contracts with the proofs did furnish data for an exact result in figures of the cost of completion to be charged to plaintiff.    Which data, if incorrect, plaintiff had the means to correct.

*Thomas G. Hillhouse* for appellant.

*D. J. Dean* for respondents.

*Per curiam* opinion for affirmance of order and for judgment absolute against plaintiff.

All concur.

Order affirmed and judgment accordingly.