[S. F. No. 5035. Department One.—February 24, 1910.]

ANDREW DAHLBERG, Appellant, v. PAUL GIRSCH, Respondent.

ORDER VACATING JUDGMENT ON FINDINGS—CONCLUSION OF LAW—NEW JUDGMENT—REVIEW UPON APPEAL.—Upon appeal from an order vacating a judgment on the findings for an alleged erroneous conclusion of law, on motion made under section 663 of the Code of Civil Procedure, and from a new judgment rendered in lieu thereof, the review upon such appeal is restricted to the case made by the findings of fact in the trial court taken in the light of the pleadings and the issues made thereon. If the first judgment was the correct

legal conclusion from the facts found, the trial court had no right
to vacate it and substitute a different judgment therefor.

ID.—COURT POWERLESS TO CHANGE FINDINGS—SOLE REMEDY.—The trial
court cannot on a motion under section 663 of the Code of Civil Pro-
cedure change any finding of fact. ° The sole remedy in that court
of a party who is aggrieved by any finding of fact is a motion for
a new trial.

ID.—ACTION ON BUILDING CONTRACT—DEFENSE—FAILURE TO COMPLETE
—COMPLETION BY OWNER UNDER CONTRACT—DEDUCTION—FINDINGS
—JUDGMENT.—In an action on a building contract to recover thirty-
five hundred dollars balance due, and six thousand dollars for the
reasonable value of services and material furnished, where the
owner pleaded failure of the contractor to complete the contract,
and the owner's completion thereof as provided in the contract, with
the right to deduct the reasonable expense thereof from the whole
amount due the contractor, and the court found that the contractor
willfully failed to complete contract, and found the reasonable value
of the work done by the owner to complete the contract, and de-
ducted the same from the amount due the contractor, and renders
judgment in his favor for the residue of $3,492.81, such judgment
was as favorable to the owner as the facts warranted.

ID.—EFFECT OF FINDING OF "WILLFUL FAILURE" OF CONTRACTOR.—
Whatever may be the effect of the finding of "willful failure" of
the contractor to complete his contract, to bar a recovery on the
contract, or in *assumpsit* for the reasonable value of his services,
as a general rule, and whatever modifications and exceptions there
may be to such rule, such finding, under the facts of this case, is
one of no importance in determining what judgment should be
given thereon.

ID.—OWNER ESTOPPED BY ELECTION TO COMPLETE CONTRACT.—The
owner had the option either to complete the contract as provided
by its terms and deduct the amount expended from the amount due
to the contractor, or to require full performance by the contractor
as a condition precedent to any recovery thereupon, or to payment
for the work and materials furnished thereunder. And when, with
full knowledge of the facts, and of the willful failure of the con-
tractor to comply with the terms of contract, he fully elected to
complete the contract as provided therein, giving the contractor
formal notice that he would do so, and deduct the reasonable
expense from the amount due the contractor, and proceeded in
accordance with that election, and finally completed the building,
he is estopped by such election to urge that the contractor cannot
recover the residue.

ID.—ORIGINAL JUDGMENT COMPELLED BY FINDINGS OF FACT—ERROR
FAVORABLE TO DEFENDANT.—It is held that there is no question of
any counterclaim or any claim for damages in the case; that, not-
withstanding the finding of willful failure on the part of the con-
tractor, the defendant is in no position to urge that the original

conclusion of law was inconsistent with and unsupported by the findings of fact; that if there was any error in such conclusion, it was error favorable to him, in deducting from the plaintiff's claim $999 in excess of the amount which should have been deducted, and that so far as the original conclusion of law and judgment went against the defendant, they were in accord with and compelled by the findings of fact.

ID.—PROPER FORM AND EFFECT OF REVERSAL.—As an order reversing the order vacating the original judgment and the new judgment appealed from will leave the original conclusion of law and judgment in force, it is not necessary to make any order directing a new conclusion of law, or the entry of another judgment.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a judgment on motion and entering a new judgment upon the findings. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Wal J. Tuska, for Appellant.

Jordan, Rowe & Brann, and Anson Hilton, for Respondent.

ANGELLOTTI, J.—Plaintiff originally had judgment against defendant for $3,492.81. Upon motion duly made under the provisions of section 663 of the Code of Civil Procedure, that the judgment be vacated and a different judgment entered because of an incorrect or erroneous conclusion of law not supported by the findings of fact, an order was made vacating the judgment and amending the conclusion of law upon which the same was based by finding that plaintiff was entitled to recover from defendant only $939.78 instead of $3,492.81. Judgment was thereupon given for plaintiff for $939.78 only. This is an appeal by plaintiff from such order and from the judgment based thereon. The only questions presented thereby relate to the action of the court in vacating the first judgment and entering a different judgment on the findings.

In the determination of this appeal we are restricted, of course, to the case made by the findings of fact in the trial court, taken in the light of the pleadings and the issues made thereby. If the first judgment was the correct legal conclu-

sion upon the facts so found, the trial court had no right to vacate it and substitute a different judgment therefor. Section 663 of the Code of Civil Procedure authorizes simply the substitution of the judgment that should have been given as a matter of law upon the findings of fact in a case where the judgment already given is an incorrect conclusion from such findings. The court cannot on such a motion in any way change any finding of fact. The sole remedy in the trial court of a party who is aggrieved by any finding of fact is a motion for a new trial.

The action was brought by plaintiff to recover money alleged to be due him from defendant for services performed and materials furnished in the construction of a building for defendant. A portion of the money sought, thirty-five hundred dollars, he claimed to be due under the terms of the building contract between the parties, and some six thousand dollars, as we understand his complaint, to be due as the reasonable value of services and material furnished by him in the matter of said building.

The findings show the following facts: Everything done by plaintiff in connection with the building was done under a written contract between himself and defendant, dated May 23, 1905, whereby plaintiff agreed to construct the building according to certain plans and specifications for the aggregate sum of $17,363, payable upon certificates of the architect in installments at certain stages of the work and after the completion and acceptance of the building. It was provided in this contract "that should the contractor at any time during the progress of the work, refuse or neglect, without the fault of the owner, his architect or superintendent, to supply a sufficiency of materials or workmen to complete said contract within the time limited therein, due allowance being made for the contingencies provided for therein, for a period of more than three (3) days after having been notified by the owner in writing to furnish the same, the said owner should have power to furnish and provide said materials or workmen to finish the work and that the reasonable expense thereof should be deducted from the amount of the contract price." Plaintiff proceeded with the work until some time in July, 1905, when it was claimed by defendant's architect that the foundation of the building had not been constructed in all respects

as required by the plans and specifications, and plaintiff was notified to make such foundation comply with the plans and specifications. The alleged defects in the foundation, which the court found to have existed, were that the north and east walls were a few inches lower than they should have been, while the south wall was not put down deep enough by a few inches, and also that in some places there were no "footings" where required by the specifications. Plaintiff failed to remedy these defects, although notified thereof. He continued his work on the building to August 16, 1905, when the frame of the building was up, and if the work had been properly performed up to that point he would have been entitled to his first payment, amounting to thirty-five hundred dollars. This he then demanded, but the architect refused to give him a certificate, upon the ground that he had never remedied the defects in the foundation of which he had been theretofore notified. An arbitration of their difficulties was attempted by the parties but was ineffectual. The court found by finding 5 "that said plaintiff's failure to construct said foundation as required by said contract and his failure to remedy the defects therein hereinbefore referred to when pointed out by said architect . . . was willful." After the failure of the arbitration, plaintiff ceased work and ceased to supply materials, and defendant on September 5, 1905, duly notified him in accordance with the provision of the contract hereinbefore quoted, that if he did not within three days supply a sufficiency of materials and workmen to complete the building, he, defendant, would furnish the same, "and would finish said building and that the reasonable expense thereof would be deducted from the amount of the contract price." Plaintiff not heeding said notice, defendant, on September 13, 1905, took possession of the building and premises and work done by plaintiff thereon, and fully completed the building, using the foundations built by plaintiff after portions thereof had been underpinned with brick, and also using the frame constructed by plaintiff. It was alleged by defendant in his answer that the building was fully completed "according to the terms of said contract and specifications and not otherwise." The court found in finding 9 that "the reasonable cost of the labor and materials furnished for and used in the completion of said building by defendant, according to

the plans and specifications and contract, was and is the sum of" $12,721.19. Plaintiff has never received anything for services or materials furnished in or about the building. No claim exists against defendant in behalf of any other person for work or materials furnished in the matter of said building except one in favor of Frank Simonart, which, by consent of the parties, was paid to said Simonart. By finding 13 the court found that plaintiff had not by any action of defendant suffered damages in "any greater sum than" $3642.81, "which said sum is the reasonable value of work, labor, and materials performed and furnished in and upon said building by plaintiff prior to September 13th 1905," and that "plaintiff is not entitled to any profits on his performance of the said contract." As a conclusion of law, the court found that plaintiff is entitled to recover from defendant the said sum of $3,642.81 less the one hundred and fifty dollars paid by defendant to Simonart,—namely, $3,492.81, and the original judgment was so made.

The answer of the defendant clearly proceeded upon the assumption that defendant was liable for any portion of the contract price remaining unexpended by defendant after the payment of the reasonable cost of completing the building according to the plans and specifications. He himself set up the contract, and the provision thereof authorizing him to complete the work and deduct the reasonable expense of such completion from the contract price, the notice to plaintiff that he would do so, the completion by him under said notice, and that the reasonable cost of such completion was $16,273.22, leaving a balance due under the contract of only $1089.78. The trial court, as we have seen, found against him on this issue of the reasonable cost of such completion.

We fail to see wherein the original judgment was not as favorable to defendant as the facts found warranted, or why the theory of defendant's answer as set forth above was not correct. The whole basis of the claim of learned counsel for defendant that the trial court did not err in its modification of the conclusion of law, is the finding of fact numbered 5 hereinbefore set forth, by which it is found that plaintiff's failure to comply with the contract so far as the foundations were concerned" was "willful." It is learnedly argued that in view of this finding he was not entitled to recover anything.

It is said that a building contractor cannot recover upon his express contract without showing such performance thereof as entitles him to payment according to its terms, or that such performance has been in some way waived or excused, and that he cannot recover upon an implied contract for the reasonable value of his labor and materials, furnished under such express contract, and of which the other party has the benefit, where he has willfully failed to perform his contract, and many authorities are cited in support of this claim. This may here be conceded to be the general rule, and it is entirely unnecessary to consider what limitations and modifications thereof have been made by the courts, for it clearly appears to us that there are in this case other facts that make the finding as to willful failure one of no importance whatever in determining what judgment should have been given.

We have already quoted in this opinion the provision of the contract authorizing the defendant in certain contingencies to take charge of and complete the contract himself, deducting the reasonable expense thereof from the amount of the contract price. This provision was, of course, one in favor of the defendant, which he might resort to or not at his option. He undoubtedly had the right to require performance of the contract by plaintiff as a condition precedent to payment for the work and materials furnished thereunder. But with full knowledge of the facts, including the fact of willful failure to construct the foundations in the precise manner specified in the plans and specifications, he deliberately elected to proceed under this provision of the contract, giving to the plaintiff formal notice that he would do so, and deduct the reasonable expense thereof from the amount of the contract price. He proceeded in accord with his election, and the building was completed by him in full accord with the plans and specifications. The reasonable cost of the labor and materials furnished and used by him in such completion was, as found by the court, only $12,721.19, which deducted from the contract price would leave $4,641.81 due on the contract under the terms of this provision.

It appears clear to us on principle that the owner having so elected cannot now successfully urge that the contractor cannot recover. A similar question was presented to the court of appeals of New York in *Murphy* v. *Buckman*, 66 N.

Y. 297. There was in that case a very similar provision in the contract, and the contractor having defaulted, the owner gave the notice and completed the building, expending therein a sum which added to what he had theretofore paid the contractor, was $778.90 less than the sum the contractor was to receive under the contract. This amount of $778.90 was awarded to a lien claimant who could recover it only in the event that the money was actually due to the contractor. The court said: "The defendant, by electing to go on under this clause of the contract, waived the right to insist upon a forfeiture for the failure of the contractor to perform the contract. The owner was not precluded thereafter from claiming damages against the contractor for defective performance, or for failure on his part to complete the building at the time specified; and these damages he could recoup, against any sum due the contractor, for work done under the contract. But he could not avail himself of the right, given him by the contract, to complete the work, thereby substituting himself in place of the contractor, and at the same time claim that the contract was at an end, and refuse to account to the contractor for work done under it, on the ground that the contract was forfeited. The election to do the work at the contractor's expense, under the clause referred to, assumed that the contract was then in force. The case of *Gillen* v. *Hubbard* (2 Hilt. (N. Y.) 304), a case arising under a similar contract, contains a very satisfactory exposition of the meaning of this clause." The case of *Gillen* v. *Hubbard,* 2 Hilt. (N. Y.) 303, referred to in the foregoing quotation, involved a similar provision. After stating that the owner had acted under this provision, the court said: "The penalty for a failure or refusal to supply materials and workmen appears to have been determined by the contract, and to have been understood and acted upon by the defendant. If the contract had been silent upon the subject, there would be no difficulty in relieving the defendant from any of his alleged grievances, because, the contractors having failed to perform their contract, the plaintiff, as a lienor, could not recover. *Neville* v. *Frost,* 2 E. D. Smith 62; *Cunningham* v. *Jones,* 3 E. D. Smith, 650; *Smith* v. *Brady,* 17 N. Y. 173, [72 Am. Dec. 442]." In *Taylor* v. *Mayor* etc., 83 N. Y. 625, the action was by the contractor to recover the balance due after completion

by the owner under such a provision. The court said: "The plaintiff refused to do work that he was by his contract bound to do. Had the defendants taken the position then, they might now claim that he thereby worked a forfeiture of his contract. His failure to completely perform his contract would then have been a perfect bar to a recovery under it. The defendants did not then take that position. They rested upon a clause in the contract that enabled them to go on and complete the work, and to charge the expense of completion to the plaintiff. That action forbids them to now insist that the contract was forfeited. (*Murphy* v. *Buckman,* 66 N. Y. 297.)" In *Larkin* v. *McMullin,* 120 N. Y. 210, [24 N. E. 447], it is said that in such a case "the work of completion by the owner is performed *pursuant to the contract,*" citing *Murphy* v. *Buckman.* (The italics are ours.) We can see no possible answer to the views enunciated in these decisions. The decision in *Taylor* v. *Mayor etc.,* 83 N. Y. 625, recognizes that the rule applied does not preclude the owner from a counterclaim to the contractor's demand "of so much as was the cost of completing the work according to the plaintiff's contract," and as seen from the quotation in *Murphy* v. *Buckman,* 66 N. Y. 297, the owner is not precluded thereby from claiming damages against the contractor for defective performance or for failure on his part to complete the building at the time specified. As we have seen, there is no question of any counterclaim or any claim for damages in this case.

It follows from what we have said that, notwithstanding the finding as to willful failure on the part of the contractor relative to the foundations, the defendant was in no position to urge that the original conclusion of law was inconsistent with and unsupported by the findings of fact. If there was any error at all in such conclusion it was error favorable to him, for the trial court did not award plaintiff the full difference between the contract price and the reasonable cost of completing the building less the one hundred and fifty dollars paid to Simonart, but deducted $999 from such difference. So far as the original conclusion of law and judgment went against defendant, they were in accord with and compelled by the findings of fact.

As an order reversing the order and judgment appealed from, without other direction, will leave the original conclu-

sion of law and judgment in force, it is not necessary to make any order directing a new conclusion of law or the entry of another judgment.

The order vacating the original judgment and amending the conclusion of law upon which the same was based is reversed, as is the judgment entered in pursuance of said order.

Sloss, J., and Shaw, J., concurred.