[L. A. No. 9795. In Bank.—November 23, 1927.]

FANNIE STANTON, as Executrix, etc., et al., Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS ANGELES et al., Respondents.

FANNIE STANTON, as Executrix, etc., et al., Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS ANGELES et al., Respondents.

[1] ACTIONS—SAME CAUSE IN DIFFERENT ACTIONS—CONSOLIDATION— FINDINGS AND CONCLUSIONS OF LAW — JUDGMENT. — Where the cause of action set up in an action in ejectment to recover possession of certain real property and damages for the withholding thereof arose out of the same transaction and obligation as the cause of action set up in an action to quiet title to the property, both actions being between the same parties, the cause of action in the two actions was single, and the actions are susceptible of consolidation under section 1048 of the Code of Civil Procedure, and where such consolidation is in fact made by order of the court on stipulation of the parties, the two actions become one and should be determined with a single set of findings and a single judgment.

[2] ID. — DUPLICATE FINDINGS — CONCLUSIONS OF LAW AND JUDGMENT.—In such a case, the fact that there is a duplicate set of findings, conclusions of law, and judgments is at most but a misprision or inadvertence of the court; and there is in reality but one set of findings of fact, conclusions of law, and judgment.

---

1. See 1 Cal. Jur. 374.

[3] ID.—JUDGMENT — MOTION TO VACATE.—Where there is no inconsistency between the conclusions of law and findings of fact nor between the judgment and conclusions of law or findings of fact, the judgment can be attacked only by a motion for a new trial or by appeal; and, in such a case, the court has no inherent power to amend or to correct the judgment, nor will a proceeding lie under section 473 or sections 663 and 663a of the Code of Civil Procedure to set it aside.

[4] ID. — SECTIONS 663, 663A, CODE OF CIVIL PROCEDURE — CONSTRUCTION.—Sections 663 and 663a of the Code of Civil Procedure authorize the setting aside of a judgment by the court which rendered it and the entry of another and different judgment when incorrect or erroneous conclusions of law not consistent with or supported by the findings of fact are shown, in which case, after the judgment is set aside, the conclusions of law should be amended as corrected; and, in such a case, the party intending to move to set aside such a judgment must give notice of his intention, designating the ground upon which and the time at which the motion will be made and specifying the particulars in which the conclusions of law are not consistent with the findings of fact; and these sections do not authorize an attack upon the findings of fact.

[5] ID.—VOID ORDERS AND JUDGMENTS—APPEAL—WRIT OF REVIEW.— Orders and judgments which fail to conform to any of the rules of procedure cannot be said to be appealable under section 663a of the Code of Civil Procedure and may be attacked on a proceeding for a writ of review.

[6] ID. — ORDER SETTING ASIDE JUDGMENT. — An order made under section 663 of the Code of Civil Procedure setting aside a judgment which does not set forth or direct a new judgment that shall be entered, is void, and such an order for a judgment subsequently and separately entered cannot be said to be a special order made after final judgment, within the meaning of section 963 of the Code of Civil Procedure, because such section contemplates orders. given by a court having jurisdiction to act.

(1) 1 C. J., p. 1124, n. 16, p. 1128, n. 52, p. 1136, n. 6.    (2) 11 C. J., p. 208, n. 6.    (3) 34 C. J., p. 224, n. 63.    (4) 34 C. J., p. 291, n. 59.    (5) 11 C. J., p. 97, n. 49.    (6) 3 C. J., p. 521, n. 11; 34 C. J., p. 389, n. 44.

APPLICATION for a Writ of Review to annul certain orders of the Superior Court of the County of Los Angeles, va-

3.   See 14 Cal. Jur. 977, 983.
4.   See 14 Cal. Jur. 982.
6.   See 14 Cal. Jur. 983, 984.

cating judgments, and entering different judgments. Hugh J. Crawford, Judge. Orders and judgments annulled.

The facts are stated in the opinion of the court.

A. W. Sorenson and Kemper B. Campbell for Petitioners.

Montgomery, Stick, Moerdyke & Gibson for Respondents.

PRESTON, J.—In November, 1925, Anna Grazide Alvarado and William P. Alvarado commenced action No. 182,-980 in respondent Superior Court against A. A. Stanton, Fannie Stanton, his wife, et al., the complaint alleging their ownership of certain real property theretofore leased to defendant A. A. Stanton for oil-drilling purposes; failure of defendants to perform the conditions of such lease and its termination. The prayer was in ejectment, seeking recovery of possession of the land by plaintiffs and damages resulting from the withholding thereof by Stanton. The two defendants Stanton answered and also filed a cross-complaint alleging that they were lawfully in possession of and entitled to retain twenty acres of said property under the terms of an executed oral agreement with plaintiffs, which agreement said plaintiffs had failed and refused to perform thereby damaging cross-complainants in the sum of $100,000, for which amount they prayed judgment.

In March, 1926, the same plaintiffs commenced action No. 191,794 in the same court against the same defendants for the purpose of quieting title to said property. Defendants Stanton filed an answer, pleading as a special defense the pendency of the above-described prior action, and again asserted a leasehold interest in said twenty acres.

It was subsequently stipulated by the respective counsel and ordered by the trial court that the cross-complaint and answer thereto in the first action should serve as such in both causes and said causes were consolidated and tried together. At the conclusion of the trial, respondent judge made a minute order announcing judgment, which read, in part, as follows: "Causes are argued and judgment ordered for defendants for $15,000 and specific performance." He subsequently signed and had filed in each case separate findings of fact, conclusions of law, and judgment, in case 182,-

980 decreeing that defendant Stanton hold and retain said twenty acres of land; that he be paid $15,000 as damages and that plaintiff specifically perform the oral agreement. In case 191,794 he found that another suit was pending between the same parties, involving the same cause of action, and decreed that plaintiffs pay to defendant Stanton $15,000 in damages and that they specifically perform the verbal lease. The cause of action arose out of one and the same transaction and obligation and was, therefore, but one cause of action. (*Frost* v. *Witter,* 132 Cal. 421, 426 [84 Am. St. Rep. 53, 64 Pac. 705].) The conclusions of law and judgments were the same and the findings were substantially identical and each covered all the issues involved in the two actions. The chief and only practical difference is the finding in the second action that another action is pending involving the same issues.

In due time following the entry of the two judgments, to wit: July 1, 1926, plaintiffs in each suit separately gave notice of motion to vacate the judgment and for entry of a new and different judgment, upon the ground that ''said judgment is in conflict with the findings of fact made by the court, and is inconsistent with and not supported by the said findings of fact,'' in the following particulars: '' (1) That said judgment contains a lease set forth therein in full, many of the terms of which are not set forth or provided for in the said findings of fact; (2) That said judgment in setting out said lease in full attempts to make a lease for defendants and cross-complainants by order of court, which is against the rules of equity; (3) That said judgment sets forth a lease in full which has not been found by the court to be the lease to which reference is made in the findings of fact; (4) That said judgment attempts specifically to enforce performance on the part of the plaintiffs and cross-defendants of a lease not referred to and provided for in the findings of fact; (5) That said judgment attempts to compel the specific performance on the part of the plaintiffs and cross-defendants of a lease, the terms of which are set forth in the judgment and have not been found by the court to be the lease referred to and provided for in the findings of fact; (6) That said judgment attempts to compel specific performance of the said lease set forth in said judgment, the terms, covenants and

conditions of which are not provided for in the findings of fact; (7) That said judgment set forth a restraining order and an injunction against the plaintiffs and cross-defendants, and that there is no provision in said findings of fact for such injunction or restraining order; (8) That said judgment is against law.''

Said motions were presented together on July 21, 1926, and granted on July 30, 1926. On the latter date the following minute order was made in case 182,980: ''Motion to vacate judgment having been heretofore made and submitted, it is now by the court granted and judgment is ordered vacated, annulled and set aside and stricken from the judgment roll.'' A minute order was also made in case 191,794, which reads as follows: ''Motion to vacate judgment having been heretofore made and submitted, it is now by the court hereby granted and judgment is vacated, annulled and set aside and stricken from the judgment roll and in lieu of judgment so vacated and in lieu of judgment vacated in case No. 182,980, it is hereby adjudged and decreed that defendants and cross-complainants have and recover from plaintiffs and cross-defendants $7,500 (seventy-five hundred dollars) as damages, and total term of lease shall be for 17 years and 4 months.''

Thereupon the following formal order, also dated July 30, 1926, was made: ''No. ~~182980~~ 191794. Order Vacating and Setting Aside Judgment Rendered. . . . Now, therefore, it is hereby ordered, . . . that the said motion is hereby granted and said judgment heretofore signed by the court and filed in the above entitled action . . . be, and the same is hereby vacated, annulled and set aside and stricken from the judgment roll in said action . . .

''A similar order in case No. 191,794, same title. . . . It is further ordered that in lieu of the said judgments vacated and set aside it is hereby ordered, adjudged and decreed that the said defendants and cross-complainants do have and recover of and from the said plaintiff and cross-defendant the sum of $7,500 as damages. It is further ordered . . . that the total term of the said lease herein shall be for 17 years and 4 months. The attorney for said plaintiff is hereby ordered to prepare a judgment in accordance herewith.''

It appears that counsel for plaintiffs did not prepare a judgment, but that counsel for petitioner herein prepared two new judgments, one in each case, and two "Orders Directing Entry of New Judgment," and presented them *ex parte* to respondent judge, who thereupon, on the eighth day of September, 1926, signed both of said orders and both of said judgments and the judgments were thereafter entered. The wording of both orders directing entry of new judgment is as follows: "Whereas, a judgment in the above entitled action was duly and regularly entered on the 18th day of July, 1926, . . . and whereas, on or about the 30th day of July, 1926, the court duly and regularly made its order vacating and setting aside said judgment on motion of the said plaintiffs, which motion was duly heard and filed in said action, and whereas, by said motion the plaintiffs move for an order directing the entry of another judgment in addition to the motion to vacate said judgment, and the court being duly advised, and after having considered the same, does hereby grant said motion for an order directing the entry of another judgment, and in accordance herewith, it is hereby ordered, adjudged and decreed that there be entered in said action a judgment, a copy of which is hereto attached."

The new judgment in action 182,980 decreed that plaintiffs' title be quieted to all of the property, except twenty acres constituting the verbal leasehold interest of Stanton and that plaintiffs specifically perform the verbal agreement. The new judgment in action 191,794 decreed that plaintiffs specifically perform the verbal agreement and that defendants and cross-complainants Stanton have and recover from plaintiffs and cross-defendants the sum of $7,500 as damages, less the amount of a counterclaim for $850, "being a counterclaim hereby allowed in favor of said plaintiffs and cross-defendants against defendants and cross-complainants and each of them, to-wit: the sum of $6,650."

The findings of fact and conclusions of law in each case were allowed to stand as originally made.

Upon death of defendant A. A. Stanton, his widow, Fannie Stanton, as executrix of his estate, was substituted in his stead, and she, individually and as such representative, instituted these proceedings, which were by stipulation

of the parties consolidated herein, seeking to have reviewed and annulled the said orders and judgments above set forth.

The differences between the original judgments and the two purported new judgments are substantially as follows: In the original judgments, the term of lease, the specific performance of which is decreed, is sixteen years, two months and eighteen days, to wit: from June 29, 1925, to September 17, 1941, together with an additional term of twenty years commencing September 17, 1941, and ending September 16, 1961. In the new judgments, the latter twenty years of this period is eliminated. In the original judgments damages to cross-complainants are fixed at $15,000, whereas in one of the new judgments no damages are specified and in the other they are fixed at $7,500, less an offset of $850. The term of lease and damages stated in the findings are identical with the provisions of the original judgments.

[1] It abundantly appears from the record that the cause of action was single and hence that the actions were susceptible of consolidation under section 1048 of the Code of Civil Procedure, and that such consolidation was in fact made by order of the court on stipulation of the parties. Viewing that situation, the two actions became one action and, therefore, should have been determined with a single set of findings and a single judgment. "After a consolidation the court should not make separate findings for each cause nor render a separate judgment for each plaintiff for the finding and judgment upon an issue operates in favor of all of the plaintiffs in the same manner as if they had originally joined as plaintiffs in bringing the action." (1 Cal. Jur., sec. 51, p. 374.)

"The provision of section 1195 of the Code of Civil Procedure, authorizing such consolidation, is placed in the same category with that permitting the several claimants to join as plaintiffs in one action; and after the order of consolidation had been made, the court should thereafter have treated the actions as a single action by the respective plaintiffs against the defendants, and embodied its decision in a single set of findings, upon which a single judgment should have been entered." (*Willamette etc. Co.* v. *College Co.,* 94 Cal. 229, 232 [29 Pac. 629, 630].)

"Upon the consolidation of the several actions there was presented only a single action by the respective plaintiffs against the defendants, and the decision thereon was to be made as if the cause of action had been presented in a single complaint, and was to be embodied in a single set of findings in which all facts in issue in the consolidated action were to be incorporated. (*Willamette Co.* v. *College Co.,* 94 Cal. 229 [29 Pac. 629].) This issue affected the rights of each of the plaintiffs, and its presentation in any of the original complaints became an issue in the consolidated action, and the finding and judgment thereon operated in favor of all of the plaintiffs in the same manner as if they had originally joined as plaintiffs in bringing the action with this averment in their complaint." (*Union Lumber Co.* v. *Simon,* 150 Cal. 751, 762 [89 Pac. 1077, 1080]; see, also, *Coghlan* v. *Quartararo,* 15 Cal. App. 662 [115 Pac. 664]; *Tyler* v. *J. I. Mitrovich Bldg. Co.,* 47 Cal. App. 59 [190 Pac. 208]; *Olson-Mahoney Lumber Co.* v. *Dunne Investment Co.,* 30 Cal. App. 332 [159 Pac. 178].)

It is evident that the court so intended by the use of these words in its minute order: "Causes argued and judgment ordered for defendants for $15,000 and specific performance." This fact is also evidenced by the finding as follows: "That it is true that there was at the commencement of this action, and still is, another action pending in the superior court of the state of California, in and for the county of Los Angeles, being case number 182,980, filed November 9, 1925, between the same parties, and for the same cause of action as in the complaint herein alleged."

[2] The fact that there is a duplicate set of findings, duplicate conclusions of law, and duplicate judgments, is at most but a misprision or inadvertence of the court. We, therefore, have concluded that the record abundantly supports the conclusion that in reality there is here presented but one set of findings of fact and but one set of conclusions of law and but one judgment. Cross-complainants should not desire more and plaintiffs under the court's conclusion cannot expect less.

[3] Treating the findings as one and the judgments as one, made in the consolidated cause, our path is illuminated as we travel through the mazes that are to follow. Treating the judgments as one precludes any right to interfere

therewith in any other manner than by the ordinary procedure of motion for new trial and, if unsuccessful, to review the action had by appeal. There are under this interpretation no grounds upon which to assert the inherent power of the court to amend or correct the judgments to speak the truth, for the judgment in that event would literally speak the truth. Nor is there in such case any excuse for a proceeding under section 473 of the Code of Civil Procedure. There is still less reason for a proceeding under sections 663 and 663a of the Code of Civil Procedure. There is no inconsistency between the conclusions of law and findings of fact nor between the judgment and conclusions of law or findings of fact. Any attack on this judgment, as a single and sole disposition of all the issues other than proceedings on new trial is wholly unwarranted from every possible view. Notwithstanding this fact, we find repeated orders and purported judgments attempting to wear away and erode the judgment by alien processes. [4] Treating the two motions as a single motion, attacking a single judgment, we at once can see it to be unauthorized by sections 663 and 663a by which it is sought to be sustained. These sections authorize the setting aside of a judgment by the court which rendered it and the entry of another and different judgment when incorrect or erroneous conclusions of law not consistent with nor supported by the findings of fact are shown, in which case, after the judgment is set aside, the conclusions of law shall be amended as corrected. It is further provided by said sections that the party intending to make such a motion must within ten days after the notice of entry of judgment, serve on the adverse party and file with the clerk of the court a notice of his intention designating the grounds upon which and the time at which the motion will be made and specifying the particulars in which the conclusions of law are not consistent with the findings of fact. The notices before us set forth no particulars wherein the conclusions of law or judgments do not follow logically from the findings of fact. In fact the conclusions of law are not attacked and are not even so much as mentioned in the notices. Likewise the notices give no indication of the judgment or judgments sought to be substituted for the original judgment entered. Neither do they contemplate an order contemporaneously

given vacating the judgment and establishing a new one in
its stead. Nor do they contemplate an order entering a
new judgment as an integral part of the order vacating the
old one. None of the proceedings taken and none of the
orders in question can properly be identified as procedure
authorized by or contemplated by said sections of the code.
The limits set by these sections cannot be transgressed. The
sections in no case authorize an attack upon the findings
of fact and this is the essence of the attack attempted here.
In *Dahlberg* v. *Girsch*, 157 Cal. 324, 327 [107 Pac. 616, 619],
the court, speaking through Mr. Justice Angelotti, said:

"Section 663 of the Code of Civil Procedure authorizes
simply the substitution of the judgment that should have
been given as a matter of law upon the findings of fact in
a case where the judgment already given is an incorrect
conclusion from such findings. The court cannot on such
a motion in any way change any finding of fact. The sole
remedy in the trial court of a party who is aggrieved by
any finding of fact is a motion for a new trial."

In *Hole* v. *Takekawa*, 165 Cal. 372, 375, 376 [132 Pac.
445], the limits of said sections were again set, the court
saying: "As applied to a judgment based upon findings
of fact made by a trial court, the sections simply authorize
a motion to vacate the judgment to make it and the conclu-
sions of law consistent with and supported by the findings
of fact, and do not authorize any change in any finding of
fact. 'Section 663 of the Code of Civil Procedure authorizes
simply the substitution of the judgment that should have
been given as a matter of law upon the findings of fact in
a case where the judgment already given is an incorrect
conclusion from such findings. The court cannot on such
a motion in any way change any finding of fact. The sole
remedy in the trial court of a party who is aggrieved by
any finding of fact is a motion for a new trial. (*Dahlberg*
v. *Girsch*, 157 Cal. 324, 327 [107 Pac. 616, 619].) The only
mode under our system by which findings of fact may be
disturbed by the trial court after they have been filed and
judgment has been entered thereon, 'except perhaps in re-
spect of a mere clerical error or misprision,' is by the grant-
ing of a new trial. (*Hawxhurst* v. *Rathgeb*, 119 Cal. 531
[63 Am. St. Rep. 142, 51 Pac. 846]; *Los Angeles County* v.
*Lankershim*, 100 Cal. 532 [35 Pac. 153, 156]; *Pico* v. *Sepul-*

*veda*, 66 Cal. 336 [5 Pac. 515].) The order of December 16, 1911, purporting to change one of the findings of fact, was therefore ineffectual for any purpose. It, of course, in no way affected the judgment given and entered long prior thereto, and no new findings or judgments could be legally filed or made.''

[5] Counsel for respondent, however, urge with much earnestness, the contention that the writ of review will not lie in this case because of the existence of the right of appeal under section 663a. As above stated, these purported orders and subsequent purported judgments are hybrids in our procedure. Orders and judgments which fail to conform to any of the rules of procedure cannot be said to be appealable under section 663a of the Code of Civil Procedure. In *Fountain Water Co.* v. *Superior Court*, 139 Cal. 648, 652 [73 Pac. 590], the court on October 29, 1901, settled, allowed, and certified a statement of appeal. Later, on May 12, 1902, it undertook to cancel and annul said order and amend the said statement. This order was annulled on *certiorari*, the court saying: ''It is objected that this court should not entertain this application because the petitioner has a plain, speedy and adequate remedy at law by appeal. We are unable to agree with counsel in this regard. An order granting an amendment to a statement upon motion for a new trial is not an appealable order (*Yerian* v. *Linkletter*, 80 Cal. 137 [22 Pac. 70]; and this is true whether the amendment is made on application of counsel or on the court's own motion. Neither is an order settling a statement appealable. (*Henry* v. *Merguire*, 106 Cal. 145 [39 Pac. 599].)''

The situation here is not unlike in principle to the case of *Diamond* v. *Superior Court*, 189 Cal. 732, 739, 740 [210 Pac. 36], where the court granted a new trial upon a ground unknown to the law. The order was annulled on *certiorari*, the court saying: ''The respondent had jurisdiction to determine the motion for a new trial, but the exercise of its power to grant the motion was limited to the grounds specified in the statute. When it granted the new trial for a cause not so designated it acted without and in excess of its jurisdiction, and beyond the scope of its power. Under such circumstances *certiorari* will lie. (*Estate of Paulsen*,

179 Cal. 528, 529 [178 Pac. 143].)    The order granting a new trial is annulled.''

On rehearing the court said: ''If the order granting the new trial had not shown on its face that it was denied on all the grounds mentioned in the notice of intention, and that it was granted solely on the ground that the court stenographer who took the testimony had died before the judgment and decision, the court would have had jurisdiction to grant the new trial. But since it did show that it was granted solely on a ground not covered by the statute, the court was acting beyond its jurisdiction. It is only for this reason that *certiorari* will lie.''

[6] We are, therefore, satisfied that said sections of the code were never intended to apply to orders or judgments attempted after the fashion herein disclosed. We are also satisfied that neither of these orders or subsequent judgments can be said to be special orders made after final judgment within the meaning of section 963 of the Code of Civil Procedure, because such section contemplates orders given by a court having jurisdiction to act.

We are satisfied that the contention is sound also that these orders and subsequent judgments are the result of repeated piecemeal attempts to act on the part of the court below and are void under the principles announced in *Dolan* v. *Superior Court,* 47 Cal. App. 235, 240 [190 Pac. 469]. This was a *certiorari* proceeding wherein the relief prayed for was granted, the court saying: ''The notice of motion is required to specify the particulars in which the conclusions of law are not consistent with the findings, and an order granting the motion may be reviewed on appeal. (Code Civ. Proc., sec. 663a.) These code provisions are consistent with the rule that litigation must not be piecemeal. If the original judgment is correct, the party in whose favor it was is entitled to have it enforced, and, if it is not supported by the findings, the other party is entitled to have another and correct judgment entered. In either case the loser is given the right of appeal. The code sections do not permit two motions to be made, nor two orders, one setting aside the judgment and another at a later day directing the entry of a different judgment. If on the motion it appears to the court that the findings require the judgment to be set aside, it must also appear what conclusions of law should be made

on the facts, and the only order within the power of the court under these circumstances is one setting aside the judgment and directing as a part of the same order the entry of another judgment. It is from such an order only that an appeal is provided. An order merely setting aside the judgment and leaving the case undetermined is void and not merely erroneous. Any other rule might lead to interminable delays and the loss of important rights by litigants. On such a motion the court has no power to consider or determine any matter except what judgment should be entered upon the facts as found.'' (See, also, to the same effect, *Prothero* v. *Superior Court*, 196 Cal. 439 [238 Pac. 357].)

To require review to be by appeal of every unauthorized order or judgment attacking the proceedings by which the regular judgment was given and made would seriously embarrass, if not destroy, the efficiency of our whole legal system.

The orders purporting to vacate the judgment, the orders directing the entry of different judgments in lieu thereof and all said last-named judgments following said orders are annulled.

Richards, J., Curtis, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.