Filed 11/18/20  Sheen v. State Farm General Ins. Co. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| SIMON K. SHEEN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>        Defendant and Respondent. | B298154<br><br>(Los Angeles County Super. Ct. No. BC656039) |

        APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Terry A. Green, Judge.  Affirmed.
        Simon K. Sheen, in pro. per., for Plaintiff and Appellant.
        Pacific Law Partners, Michael J. McGuire and Anne M. Master for Defendant and Respondent.

_____

After the trial court granted State Farm General Insurance Company's motion for summary judgment and entered judgment in its favor in Simon Sheen's lawsuit for breach of contract and breach of the implied covenant of good faith and fair dealing, Sheen moved pursuant to Code of Civil Procedure section 663[1] to vacate and set aside the judgment.  The trial court denied the motion, ruling it was untimely and not a proper motion under section 663.  Sheen failed to timely appeal the judgment, but has appealed the postjudgment order denying his motion to vacate and set aside that judgment.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Burglary and Insurance Claims*

Sheen opened Milano Optical, a retail optical business selling prescription glasses and sunglasses on March 1, 2015.  Two weeks later, on March 16, 2015, the store was burglarized and vandalized.  Items from the inventory were stolen, and fixtures were damaged.  Sheen filed a claim with State Farm pursuant to a business loss policy.

According to State Farm, the policy for Milano Optical (policy no. 92-C7-J288-8) provided coverage for damage or loss to business personal property with a limit of $100,000.[2]  It also contained a provision for loss of income as a result of a covered incident for a maximum of 12 months.  Over a period of months State Farm paid Sheen the $100,000 limit for damaged business

---

[1]   Statutory references are to this code.

[2]   State Farm initially identified the limit of this coverage as $80,000 but subsequently increased the limit to $100,000 based on information it developed that Sheen had requested the higher amount.

personal property and stolen inventory and $171,035.68 in loss-of-income benefits based on an 11-week period of restoration.

Although Milano Optical reopened shortly after the incident, Sheen claimed the manner in which State Farm disbursed payments prevented it from operating profitably, ultimately causing it to fail. He demanded payment under the policy's full year loss-of-income coverage. State Farm denied the additional claim.

2. *Sheen's Lawsuit*

Sheen, represented by counsel, filed his initial complaint on April 3, 2017 and the operative first amended complaint on August 22, 2017, alleging causes of action for breach of contract and breach of the implied covenant of good faith. Sheen identified State Farm policy no. 92-C7-J288-8 as the contract at issue and alleged State Farm had failed to pay the full benefits owed for business interruption under the policy and unreasonably delayed in acting on his claim, including unreasonably refusing to accept his documentation as proof of the losses suffered. After unsuccessfully moving to strike the punitive damage allegations, State Farm answered the first amended complaint on February 7, 2018.

3. *State Farm's Motion for Summary Judgment*

After conducting discovery State Farm moved for summary judgment or, in the alternative, summary adjudication on July 18, 2018. State Farm's principal argument was that, based on undisputed facts, Sheen could not establish he was entitled to any loss-of-income benefits beyond those already paid. State Farm also argued, even if additional benefits were owed, State Farm's decision to deny any further claims was reasonable as a

3

matter of law and, therefore, did not breach the implied covenant of good faith and fair dealing.

State Farm presented evidence that, although Sheen had claimed sales of more than $38,000 during Milano Optical's first two weeks of operation, records produced during the litigation disclosed Milano Optical had bank deposits of less than $18,000 during March 2015. Nonetheless, State Farm had calculated its loss-of-income payments to Sheen based on the larger, unverifiable number. State Farm also noted Sheen's failure during the claims process to provide any information about JK Fashion, a similar business Sheen had operated between 2009 and 2014. State Farm submitted evidence of JK Fashion's poor earnings history, including a business loss of $52,000 in 2014, and suggested Sheen's omission impacted State Farm's actual calculation of his lost income and indicated his claim for additional lost income was unjustified.

In his opposition Sheen contended State Farm had issued policy no. 92-C5-Q694-2 for Milano Optical but State Farm fraudulently rewrote and replaced that policy, without his consent, with policy no. 92-C7-J288-8 inserting a different "period of restoration" limitation to State Farm's obligation to pay loss-of-income benefits. He also argued the evidence he presented demonstrated triable issues of material fact regarding his entitlement to additional loss-of-income payments and concerning the unreasonableness of the timing of State Farm's payment of benefits, specifically noting that State Farm did not begin making any loss-of-income payments until months after the March 2015 loss.

In its reply State Farm noted that Sheen's first amended complaint identified policy no. 92-C7-J288-8 as the operative

4

contract and, accordingly, State Farm's motion was properly directed to that policy. In any event, State Farm also argued, Sheen presented no admissible evidence to support his contention that a different policy covered the losses at Milano Optical. State Farm additionally argued Sheen failed to recognize with respect to the 12-month loss-of-income benefit that 12 months was a limit (or maximum) on benefits, not a promise of payment. State Farm reiterated that during the processing of his claim Sheen had not documented any greater losses than those State Farm had identified and indemnified.

After hearing argument on October 26, 2018, the court sustained in part State Farm's written objections to Sheen's evidentiary presentation and granted State Farm's motion for summary judgment. In a written order filed December 10, 2018, the court ruled the undisputed evidence established that State Farm had fully discharged its contractual obligations and had not withheld any benefits from Sheen. Specifically, the court found Sheen failed to provide any evidence that the period of restoration for his business should have been longer than the 11 weeks paid by State Farm and that loss-of-income benefits in excess of $171,035.68 should have been paid. The court further found that State Farm did not unreasonably delay the payment of policy benefits. In addition, the court ruled Sheen had presented no admissible evidence to support his position that a different policy applied to the loss other than the one submitted by State Farm in support of its motion.

4. *Judgment and Sheen's Motion To Set Aside and Vacate*

Judgment was entered in favor of State Farm on December 10, 2018. The clerk served a notice of entry of judgment on all parties on December 13, 2018. State Farm

5

served its own notice of entry of judgment on December 17, 2018 (filed on December 19, 2018).

On January 7, 2019 Sheen, now representing himself, filed a notice of intention to move to set aside and vacate judgment and motion to vacate judgment pursuant to section 663. Sheen asserted the trial court had erred in sustaining a number of State Farm's objections to his evidence and again argued there were triable issues of material fact relating to his entitlement to additional loss-of-income benefits. Accordingly, he asked that the judgment in favor of State Farm be vacated and he be permitted to present his case to a jury.

State Farm opposed the motion on February 21, 2019, contending the motion was untimely because it had been filed more than 15 days after the mailing of the notice of entry of judgment by the clerk, as required by section 663a, subdivision (a)(2). State Farm also noted the court's authority to rule on a motion to set aside and vacate a judgment expires 75 days from the mailing of notice of entry of judgment (§ 663a, subd. (b)) and Sheen had noticed his motion to be heard on March 6, 2019, more than a week after that deadline. Finally, State Farm argued the motion was substantively defective: A section 663 motion to vacate a judgment is only proper to correct an error that justifies entry of a different judgment, not to deny a previously granted summary judgment motion and set the cause for trial.

In a reply memorandum filed February 27, 2019 Sheen described his error in calculating the due date for his motion[3] and

---

[3]  Sheen explained he had used the filing date of the notice of entry of judgment prepared by State Farm (December 19, 2018), rather than the date of service of the clerk's notice of entry of

6

requested relief under section 473, subdivision (b), for his mistake or excusable neglect—relief the court was not empowered to grant. (*Conservatorship of Townsend* (2014) 231 Cal.App.4th 691, 702 [section 473, subdivision (b), cannot be used to extend the time to file a section 663 motion]; *Advanced Building Maintenance v. State Comp. Ins. Fund* (1996) 49 Cal.App.4th 1388, 1394 [same]; see *Maynard v. Brandon* (2005) 36 Cal.4th 364, 372 ["section 473, subdivision (b), cannot extend the time in which a party must move for a new trial, since this time limit is considered jurisdictional"].) Sheen did not address the propriety of using a motion to set aside and vacate the judgment (as opposed to a motion for a new trial pursuant to section 657) to challenge the court's ruling granting State Farm's motion for summary judgment.

The court denied Sheen's motion on March 6, 2019.[4] According to the notice of ruling prepared by State Farm, the court ruled the motion was untimely and a motion to vacate a judgment does not permit the court to vacate a summary judgment and remit an action to trial as Sheen had requested.

## DISCUSSION

1. *Sheen's Appeal of the Postjudgment Order Is Timely*

State Farm contends Sheen's appeal is untimely. Although the procedural background is somewhat unusual, Sheen's appeal of the order denying his motion to vacate and set aside the judgment is properly before us.

---

judgment (December 13, 2018) and had excluded Christmas and New Year's Day in counting 15 days.

[4]    The record on appeal does not contain a reporter's transcript or a settled statement for the March 6, 2019 hearing.

7

Sheen filed a notice of appeal on March 11, 2019, checking boxes indicating he was appealing both a judgment after an order granting a summary judgment motion and an "other" order, which he described as the denial of his motion to vacate. The notice stated the judgment or order being appealed had been entered on December 13, 2018 (the date notice of entry of judgment was served).

State Farm moved to dismiss the appeal as untimely, arguing Sheen had 60 days from December 13, 2018 to file his notice of appeal from the December 10, 2018 judgment. Because Sheen had not filed a valid motion to vacate the judgment, State Farm continued, that motion did not extend the time to appeal the judgment under California Rules of Court, rule 8.108(c).[5] State Farm did not address whether Sheen had properly appealed from the denial of his motion to vacate and set aside the judgment and, if so, why that aspect of his appeal was not timely. (See generally *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 135 ["[a] statutory appeal from a ruling denying a section 663 motion is indeed distinct from an appeal of a trial court judgment and is permissible without regard to whether the issues raised in the appeal from the denial of the section 663 motion overlap with issues that were or could have been raised in an appeal of the judgment"].)

In his opposition Sheen essentially argued for relief under section 473, subdivision (b), for his mistake in filing a late motion to vacate and a late appeal from the judgment and, like State Farm, did not address the timeliness of his appeal from the denial of his motion to vacate and set aside the judgment.

---

[5] References to rule or rules are to the California Rules of Court.

On April 15, 2019 this court granted State Farm's motion to dismiss the appeal as untimely. The order did not refer to Sheen's appeal from the denial of his motion to vacate.[6]

On May 31, 2019 Sheen filed another notice of appeal, this one limited to the March 6, 2019 order denying his motion to vacate and set aside the judgment. State Farm moved to dismiss the new appeal as untimely. It presented documents indicating it had served a notice of ruling denying the motion on March 6, 2019 and the clerk had served a copy of the minute order on the same day. Thus, State Farm argued, Sheen's appeal had to be filed by May 6, 2019, 61 days from March 6, 2019 (May 5, 2019 was a Sunday). Sheen did not file a response to the motion. The motion was denied.

Although the order denying State Farm's second motion to dismiss mistakenly describes Sheen's notice of appeal as filed within 60 days of the order denying his motion to set aside and vacate, the error in State Farm's motion was its failure to establish that rule 8.104(a)(1)(A) or (B)'s 60-day deadline for filing a notice of appeal applied to the order being appealed, rather than 180 days as specified in rule 8.104(a)(1)(C). Rule 8.104(a)(1)(A) applies when the superior court clerk serves "a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served." Rule 8.104(a)(1)(B) applies when a party serves "a

_____

[6] After his appeal was dismissed Sheen, once more citing section 473, subdivision (b), and noting his status as a self-represented litigant, asked that we vacate the dismissal. Again, Sheen did not suggest the appeal from the trial court's order denying his motion to vacate the judgment was timely. We denied the motion.

9

document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service." Here, neither the clerk nor State Farm served a document entitled Notice of Entry. State Farm's notice of ruling did not include a copy of the court's minute order, and the minute order denying Sheen's motion served by the clerk does not appear to be "file-endorsed." In addition, although Sheen was self-represented by the time he filed the motion, the clerk's proof of service indicates the minute order was mailed to Sheen's former attorney but not to Sheen. Accordingly, Sheen had 180 days from March 6, 2019 to file this appeal from the trial court's denial of his motion to set aside and vacate. That appeal is timely.[7]

2. *The Trial Court Properly Denied Sheen's Section 663 Motion*

Section 663 provides, "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts . . . .

---

[7] To eliminate any doubt about the timeliness of Sheen's appeal, and therefore our jurisdiction in this matter, the court recalled the remittitur issued after dismissal of Sheen's initial appeal, reinstated that appeal to the limited extent Sheen sought review of the March 6, 2019 postjudgment order—an appeal that was unquestionably timely—and consolidated that limited appeal with Sheen's subsequent appeal from the March 6, 2019 order, which is now before us.

10

[¶] 2. A judgment or decree not consistent with or not supported by the special verdict." Section 663a, subdivision (2), requires a party intending to make a motion to set aside and vacate a judgment pursuant to section 663 to file and serve a notice of that intention, specifying the grounds for the motion, "[w]ithin 15 days of the date of mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5 . . . ."

As the trial court correctly ruled, Sheen's section 663 motion, filed more than 15 days after the clerk's notice of entry of judgment, was not timely and, separately, was substantively defective: A motion to vacate under section 663 may not be used to set aside an order granting a motion for summary judgment and return a cause to the court's trial calendar. (*Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203; cf. *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1574, disapproved on another ground in *Ryan v. Rosenfeld*, *supra*, 3 Cal.5th at p. 135, fn. 4 [order sustaining a demurrer may not be challenged by a section 663 motion to set aside].)

A section 663 motion is properly brought only "'where a "different judgment" is compelled by the facts found.'" (*Garibotti v. Hinkle* (2015) 243 Cal.App.4th 470, 477; see *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 738 [a motion to vacate under section 663 may only be brought when "the trial judge draws an incorrect legal conclusion or renders an erroneous judgment upon the facts found by it to exist"]; *Dahlberg v. Girsch* (1910) 157 Cal. 324, 327 ["[s]ection 663 of the Code of Civil Procedure authorizes simply the substitution of the judgment that should have been given as a matter of law upon the findings of fact in a case where the judgment already given is an incorrect conclusion from such findings"]; *Plaza Hollister Ltd. Partnership v. County of*

11

*San Benito* (1999) 72 Cal.App.4th 1, 14 [same].)  If Sheen could have presented newly discovered evidence or new law, rather than moving under section 663, he should have sought a different ruling through a motion for reconsideration pursuant to section 1008, subdivision (a) (if timely filed before entry of the judgment) or a motion for new trial under section 657 (see *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 858 [motion for new trial may be used to seek reversal of an order granting summary judgment]*; Brewer v. Remington* (2020) 46 Cal.App.5th 14, 23 [same]).[8]

In his briefing in this court Sheen does not address either ground for the trial court's ruling denying his section 663 motion. As discussed, both were entirely proper; and, in any event, the issues have been forfeited.  (*Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 786 ["issues not addressed as error in a party's opening brief with legal analysis and citation to authority are forfeited"]; *Save Agoura Cornell Knoll v. City of Agoura Hills* (2020) 46 Cal.App.5th 665, 704, fn. 14.)

---

[8]     Sheen did not ask the trial court to treat his postjudgment motion as one for a new trial under section 657.  Deeming the motion to be for a new trial could not have cured Sheen's timeliness problem.  (See § 659, subd. (a)(2).)  Moreover, even if such a request had been made and granted, it would not assist Sheen here; for the denial of a motion for a new trial, unlike a proper section 663 motion, is not separately appealable.  (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 18.)

## DISPOSITION

The postjudgment order is affirmed.  State Farm is to recover its costs on appeal.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.

13